## J. N. CURIEN et als. *v.* J. SANTINI et als.

The dissolution of a corporation cannot be effected by a resolution to that effect of a majority of its members.

The majority of the members of a corporation may, by the abuse of its powers, commit an act which would justify the forfeiture of its charter, but they cannot make such act the basis of an action instituted by themselves against the minority, for the purpose of having the franchises of the corporation declared forfeited.

A corporate body is a juridical being, separate and distinct in its rights and obligations from the individual members who compose it, and while it exists, the majority of its members cannot maintain an action against the minority, for the sale and distribution of the proceeds of the property belonging to it.

APPEAL from the Third District Court of New Orleans, *Duvigneaud, J. T. H. Kennedy* and *T. W. Collens*, for plaintiffs and appellants. *J. Q. A. Fellowes*, and *Benjamin, Bradford & Finney*, for defendants.

LAND, J. The plaintiffs allege that by an Act of the Legislature of this State, approved the 20th June, 1812, and an Act subsequently passed amendatory thereof, the Grand Lodge of Louisiana, a masonic institution, was incorporated, with power to establish through the State subordinate Lodges with corporate capacities and powers as full and complete as those conferred upon the Grand Lodge itself; with the proviso, however, that the corporate capacities and powers of the Lodges thus to be established, should endure and continue so long only as they should remain under the jurisdiction of the Grand Lodge of the State. That, in pursuance of the authority so vested, the Grand Lodge established Foyer Maçonique Lodge No. 44, on the 15th April, 1839, by issuing in due form a charter or warrant, which invested said subordinate Lodge with corporate powers and capacities.

That at a meeting of Foyer Maçonique Lodge No. 44, duly called and held the 8th of January, 1857, a resolution was regularly adopted withdrawing said Lodge from the jurisdiction of the Grand Lodge of the State, and dissolving all connection with the same; and that a duly certified copy of the resolution was delivered to the Grand Lodge on the 20th day of January of the same year.

That of the fifty members who composed said subordinate Lodge, forty-two concurred in the resolution; that three of the remaining eight members took no part in the proceedings, and that only five of the fifty members dissented therefrom.

The plaintiffs further allege that the effect of said resolution was to dissolve Foyer Maçonique Lodge No. 44 as a corporation, and that they, as a controlling majority of the Lodge, do in this suit insist upon the dissolution of the same. That there exists between them and the other members of the Lodge a difference of opinion as to the management of the property belonging to the corporation, consisting of immovables and personal effects. Wherefore the plaintiffs pray that Foyer Maçonique Lodge No. 44 be decreed to be dissolved, and to have been dissolved from and after the 8th of January, 1857; that its affairs be liquidated, and that the proceeds of the sale of its assets, after the payment of its debts, be divided equally between them and the defendants severally, and that in the meantime a receiver be appointed with power to take possession of all the property, books and documents of the Lodge subject to the further order of the court.

CURIEN
*v.*
SANTINI.

The defendants excepted to the plaintiffs' demand, on the ground that on the face of their petition, they show no right in the property of Foyer Maçoniqne Lodge No. 44, *as individuals or collectively*, and have no interest which entitles them to appear in this suit, and to stand in judgment, in which exception the Grand Master of the Grand Lodge of the State joined by intervention.

Whether this exception was well taken, depends on the legal effect of the resolution adopted for the purpose of withdrawing the subordinate Lodge from the jurisdiction of the Grand Lodge. And in determining the legal effect of the resolution, it is necessary in the first place, to ascertain whether a corporate body can be dissolved, *ipso facto*, by the adoption of a resolution by a majority of its members; in other words, whether a mere resolution is one of the modes prescribed, or authorized by law for the dissolution of corporations. If not, then the proposition that the effect of the resolution was the dissolution of the Lodge, cannot be maintained.

The modes by which a corporation may be dissolved, as declared in our Civil Code, are: first, by an Act of the Legislature on certain conditions; secondly, by the forfeiture of its charter, when the corporation abuses its privileges, or refuses to accomplish the conditions on which such privileges were granted. And at common law, the modes of dissolution are: by statute; by the natural death of all the members; by surrender of its franchises; and by forfeiture of its charter through negligence, or abuse of its franchises.

It is clear, that if the resolution can be considered a mode of dissolution, it was either a forfeiture of the charter of the Lodge, or it was a surrender of its franchises. But can it be legally affirmed that the resolution, *per se*, operated either a forfeiture of the charter, or a surrender of the franchises of the Lodge.

In respect to these modes of dissolution, the well established principles of law are, that a corporation is not to be deemed dissolved by reason of any misuser or nonuser of its franchises, *until the default has been judicially ascertained and declared;* nor is it to be deemed dissolved by the effect of a surrender, until the surrender has been accepted and rendered complete by the act of the government, or of the grantor of its privileges. 2 Kent's Commentaries, 311, 312. And tested by these rules, the resolution cannot be held to be either a forfeiture of the charter of the Lodge, or a surrender of its franchises, for the reason that the resolution is not a judicial decree ascertaining and declaring the fact of forfeiture; and for the further reason, that if the resolution be considered a surrender of the franchises of the Lodge, it has not been accepted either by the State, or the Grand Lodge.

The plaintiffs, however, claim in this suit a judgment dissolving the Lodge as a corporation, against the will of a minority of its members, and against the will of the Grand Lodge. And this claim is founded on the resolution which the plaintiffs adopted for the purpose of destroying the Lodge as a corporate body, and presents the novel question whether a majority of the members of a corporation can, by the abuse of its powers, commit an act which would justify a forfeiture of its charter, and then make such act the basis of an action instituted by themselves against the minority, for the purpose of having the franchises of the Lodge declared forfeited.

CORIEN
v.
SANTINI.

There are two modes of proceeding judicially, at common law, to ascertain and enforce the forfeiture of a charter for default or abuse of power. The one is by *scire facias;* and the other mode is by information in the nature of a *quo warranto.* Both these modes of proceeding against corporations are at the instance or on behalf of the government. And the State, says Mr. Chancellor Kent, must be made a party to the prosecution, for the judgment is, that the parties be ousted, and the franchises seized into the hands of the government. 2 Kent, 313. And this doctrine of the common law, that the State is a necessary party to proceedings instituted to ascertain and declare the forfeiture of the charter of a corporation, was recognized by this Court as forming a part of our jurisprudence, in the case of the *Atchafalaya Bank* v. *Dawson,* reported in the 13th volume of the Louisiana Reports. But leaving out of view the doctrine that the State is a necessary party to proceedings instituted to ascertain and declare the forfeiture of the charter of a corporation, we are of the opinion that the plaintiffs cannot maintain this suit, for the purpose of having the franchises of the Lodge declared forfeited, for the reason that if the adoption of the resolution by them, be a cause of forfeiture, it was in contemplation of law a wrongful act on their part, and no cause of action arises in favor of a party out of his own wrongful acts, to the prejudice or injury of innocent third persons.

The resolution, which cannot be made the basis of an action by the plaintiffs, was but a cause of forfeiture, and did not operate *de jure* a divestiture of the corporate franchises of the Lodge, which continued to exist, and does now exist with all its corporate rights, obligations, powers and capacities. And as a consequence of the continued existence of the Lodge, notwithstanding the adoption of the resolution, the property now claimed still belongs to it as a corporate body, considered in law a juridical being, separate and distinct in its rights and obligations from the individual members who compose it. And as a further consequence, the plaintiffs, as individuals, have no such right in the property of the Lodge, as authorizes them to maintain this suit for the sale and distribution of the proceeds of the same among themselves and the defendants.

The exception was therefore well taken to the plaintiffs' demand, and must be sustained.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that the plaintiffs' suit be dismissed at their costs in both courts.