## STATE v. TAYLOR INTERESTS, Inc.

### No. 17271.

Court of Appeal of Louisiana. Orleans.

Feb. 10, 1941.

Rehearing Denied March 10, 1941.

F. Rivers Richardson and Taylor Caffery, both of New Orleans, for appellant.

Eugene Stanley, Atty. Gen., and E. L. Richardson and G. F. Purvis, Jr., Sp. Assts. Atty. Gen., for appellee.

WESTERFIELD, Judge.

On December 8, 1938, the State of Louisiana, proceeding under Act No. 10 of the First Extraordinary Session of 1935, sued the Taylor Interests, Inc., in liquidation, a Louisiana corporation, for franchise taxes for the years 1935 and 1936, together with penalties and attorneys' fees.

The liquidators, who were made defendants, filed an exception of no cause of action and of prescription of two years. These exceptions do not appear to have been disposed of in limine. In its answer, defendant averred that the Taylor Interests, Inc., was dissolved, by resolution of its stockholders, on December 29, 1934, and that, consequently, no franchise or other tax could be due for the years 1935 and 1936. It also averred that through error, and without advice from counsel, the ex-Secretary-Treasurer of Taylor Interests, Inc., when he received notice that the franchise taxes for 1935 were due, sent the Secretary of State a check for $200, thinking that it was an obligation due the State of Louisiana prior to the liquidation of the said corporation, and they show that the said amount was paid in error when not due and respondents are entitled to reclaim said amount from the claimant herein.

On the trial of the case defendant's counsel offered a copy of the resolution of the Board of Directors of the defendant corporation of December 29, 1934, appointing Mrs. Martha T. Caffery, Donelson Caffery and Miss Louise H. Taylor, liquidators; a copy of notice of dissolution published in the Times-Picayune, a daily newspaper in the City of New Orleans; and a copy of resolution of final liquidation dated December 31, 1934, together with certain

correspondence between counsel and the Secretary of State relative to the issuance of a final certificate of liquidation, which was withheld. No other evidence was tendered by either side and judgment was rendered on the 10th day of July, 1939, in which the exceptions were belatedly overruled and judgment awarded the plaintiff, as prayed for, in the sum of $901.36, together with 20 per cent. statutory penalty and 10 per cent. attorneys' fees. From this judgment the defendant has appealed.

On the day the case was set for trial in this court, plaintiff filed a motion to dismiss on the ground that the controversy involved the constitutionality or legality of a tax levied by the State and that, consequently, under the provisions of Article VII, Section 10 of the Constitution of 1921, the Supreme Court and not this court is endowed with jurisdiction.

The article of the Constitution referred to reads, in part, as follows: "It [the Supreme Court] shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board, or subdivision of the State is contested * * *".

Counsel cite the case of State v. Whitehead Motor Company, 179 La. 710, 154 So. 912, 913, decided April 23, 1934, from which the following is quoted: "It is well settled that this court [Supreme Court] has appellate jurisdiction over questions of legality, as well as over questions of constitutionality, of any tax claimed by a tax collector as having been levied by the state, or by a municipality, or parish, or other taxing subdivision of the state. And the question of legality of a tax is in contest when a judicial interpretation of the tax statute invoked is necessary to determine whether the tax claimed is due, or when the defendant pleads that there is no statute compelling payment of the tax claimed. State v. Rosenstream, Weiss & Co., 52 La.Ann. 2126, 28 So. 294; State v. Orfile, 116 La. 972, 41 So. 227; State v. Wenar, 118 La. 141, 42 So. 726; Downs, Tax Collector v. Dunn, 162 La. 747, 111 So. 82; State v. Cedar Grove Refining Co., 178 La. 810, 152 So. 531."

■ But there is not involved here either the constitutionality or legality of a tax. On the contrary, there is no criticism whatever of the tax which is sought to be collected here, the sole question, other than that involving prescription, which, incidentally, is only apparently different, being whether the defendant had any corporate existence at the time and during the years for which the tax is claimed. The motion to dismiss will, therefore, be overruled.

■ The plea of prescription is based upon Section 27 of Act No. 250 of 1928. This section, in our opinion, is not applicable, but, even if it were, the use which defendant makes of it in computing the two-year prescription is based upon the alleged dissolution of the corporation in 1934, or more than two years before the institution of this suit. It thus appears that both exceptions—prescription and no cause of action—as well as the defense on the merits, as set forth in the answer, are based upon the alleged dissolution of the corporation in 1934. Let us, therefore, hasten to examine this point.

Section 62 of the Corporation Act (250 of 1928) reads in part as follows:

"I. When a corporation has been completely wound up, the court, if the proceeding is subject to the supervision of the court, shall make an order declaring the corporation to be dissolved; and if the proceeding is out of court, the liquidator or liquidators shall sign and acknowledge a certificate stating that the corporation has been completely wound up and is dissolved.

"II. Said order or certificate of dissolution shall be delivered to the Secretary of State, who shall file the same in his office, and thereupon the corporate existence shall terminate, and the Secretary of State shall issue a certificate of dissolution, which shall forthwith be filed for record in the office of the Recorder of Mortgages in the parish in which the corporation has its last registered office."

■ It appears from the foregoing that the corporate existence ceases when the order of court pronouncing its final liquidation, or the certificate of the liquidators declaring that it has been completely wound up and dissolved, shall have been filed with the Secretary of State. In the instant case, the liquidation was extra judicial, consequently, the certificate of the liquidators should have been filed with the Secretary of State to effect the final liquidation of the corporation.

As we have seen, the corporation, at a special meeting of its stockholders on De-

cember 31, 1934, adopted a resolution authorizing the dissolution of the corporation and appointing Donelson Caffery, Mrs. Martha T. Caffery and Miss Louise H. Taylor, as liquidators. On January 1, 1935, a notice of this action by the corporation was published in the Times-Picayune, a daily newspaper of New Orleans. A copy of the resolution of the stockholders of the December 31st meeting was forwarded to the Secretary of State under even date, enclosed in a letter by F. Rivers Richardson, the attorney for defendant. On December 23, 1936, a final certificate of liquidation was forwarded to the Secretary of State signed by all three liquidators which was dated December 31, 1934. Upon receipt of this notice the Secretary of State informed the defendant, through its attorney, that a certificate of final dissolution would be issued as soon as it could be determined that all taxes due the State had been paid. This certificate was never issued because of the controversy concerning the taxes which is the subject of this suit.

It is the contention of defendant's counsel that the corporation was completely and finally liquidated in December, 1934, by the adoption of the first resolution authorizing the liquidation and the filing of the notice of the adoption of that resolution in the Office of the Secretary of State. Counsel freely concede that a corporation in the process of liquidation would be subject to the tax, but vehemently contend that no certificate of final liquidation need be filed with the Secretary of State to effect the final dissolution of the corporation. We cannot agree with counsel. The act plainly states that the existence of a corporation shall terminate when the "Secretary of State shall issue a certificate of dissolution" and this certificate shall issue "when a corporation has been completely wound up" and "the liquidator or liquidators shall sign and acknowledge a certificate" to that effect and the certificate "shall be delivered to the Secretary of State". If there was a final winding up of the affairs of the company by the liquidators in 1934, evidence to that effect was not filed in the office of the Secretary of State until December, 1936.

The only certificate which was filed in 1934 was a copy of the resolution of the board appointing the liquidators. It is obvious that the corporation was not dissolved until 1936, at which time the franchise taxes for 1935 and 1936 were due. A partial payment on the tax due for one of the years, it is not certain from the record which, in the amount of $200 was paid by the corporation, which, it is contended, was paid in error. Nevertheless, the payment, as well as the belated filing of the certificate of final dissolution in 1936, is significant.

In Fletcher's Cyclopedia Corporations, Volume 16, Section 7971, we read: "It is an accepted theory that what the law itself has granted, the law must take away. And so a corporation can come to an end and its life extinguished only by the act or with the consent of the sovereign power by which it was established. It is in the law of the State from which a corporation derives its existence that the power to dissolve it must ordinarily be sought."

And in Section 8007: "The power to dissolve a corporation voluntarily is generally regulated by comprehensive statutes going into details. Such a statute, of course, is equivalent to acceptance by the legislature of the surrender of a charter; but the winding up and dissolution, to be effectual, must be in compliance with the terms of the statute."

In J. N. Curien et al. v. J. Santini et al., 16 La.Ann. 27, decided in January, 1861, the Supreme Court said: "In respect to these modes of dissolution, the well established principles of law are, that a corporation is not to be deemed dissolved by reason of any misuser or nonuser of its franchises, until the default has been judicially ascertained and declared; nor is it to be deemed dissolved by the effect of a surrender, until the surrender has been accepted and rendered complete by the act of the government, or of the grantor of its privileges. 2 Kent's Commentaries, 311, 312. * * *"

The fact that the corporation exercised none of the functions for which it was incorporated during the years 1935 and 1936, as is claimed by counsel to be the case, is of no moment, since the forms of law necessary for its dissolution have not been complied with.

Our conclusion is that the judgment appealed from is correct, consequently, and for the reasons assigned it is affirmed.

Affirmed.