Joe M. SLAUGHTER, Appellant,

v.

TOYE BROS. YELLOW CAB COMPANY, Appellee.

No. 22569.

United States Court of Appeals
Fifth Circuit.

May 10, 1966.

Edgar N. Quillin, Arabi, La., Roland J. Sternfels, New Orleans, La., for appellant.

Lansing L. Mitchell, Wm. W. Messersmith, III, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee.

Before JONES and BELL, Circuit Judges, and BREWSTER, District Judge.

JONES, Circuit Judge:

The appellant, Joe M. Slaughter, brought suit in the United States District Court for the Eastern District of Louisiana claiming damages of $50,000 for personal injuries resulting from a collision in New Orleans, Louisiana, between an automobile driven by the appellant and a taxicab of the appellee, Toye Brothers Yellow Cab Co. In the complaint it was alleged that the appellant was a citizen of Mississippi and that the appellee was a citizen of Louisiana. Federal jurisdiction was asserted on the ground of diversity of citizenship. The appellee denied that there was diversity of citizenship, that the amount in controversy exceeded $10,000, and that it was negligent. It asserted that the sole cause of the collision was the negligence of the appellant. The jury, on interrogatories submitted by the court, found that the appellee's driver was negligent, that his negligence was a proximate cause of the appellant's injuries, that the appellant was not negligent. The jury found that the appellant had sustained damages

in the amount of $2,200. The appellee filed a motion for a judgment notwithstanding the verdict, asserting that diversity of citizenship was not proved, that the claim of damages in jurisdictional amount was not made in good faith, that there was no evidence of the negligence of appellee's driver, that the evidence showed appellant's negligence caused the accident, and that damages were excessive. The district court granted the motion on the ground that the appellant had failed to sustain the burden of proving diversity of citizenship. The court entered judgment for the appellee dismissing the complaint. Having decided the case on the diversity issue, the court had no occasion to pass on the other matters raised by the appellee's motion.

The district court made findings of fact and conclusions of law, and in them included findings that the suit was filed on June 20, 1962, that sometime in May or June 1962 the appellant moved from one address in New Orleans to another a block away, "where he lived when the suit was filed," that at the time of the trial the appellant was living in a suburb of New Orleans, and that he had lived in Louisiana continuously from 1961 to the date of the trial, which was on January 5–6, 1965. In its conclusions of law the court determined that the appellant had actually been residing continuously in Louisiana for more than a year prior to the accident up to and including the date of the trial, a period of four years, that he had moved to Louisiana in 1961 and resided there to the date of the trial in 1965. Although these recitals are out of context, it is clearly apparent from the record that the district court gave consideration and weight to the evidence as to the appellant's residence during the period between the bringing of the suit and the time of the trial. The appellant makes three specifications of error which present two legal issues for our determination. The first of these asserts as a legal principle the proposition that the establishment by a plaintiff of a prior domicile shifts the burden of proof to the defendant to show a change of domicile such as would defeat diversity jurisdiction. The other question is based upon the action of the district court in considering facts and circumstances occurring subsequent to the commencement of the action.

The appellant testified that he was born in Mississippi, that before coming to New Orleans he had lived at Laurel, Mississippi, with his mother, that he voted in Mississippi in 1960 but not thereafter, that he was not registered to vote in Louisiana, that he had a Mississippi driver's license and that his home was with his mother in Mississippi. This testimony, urges the appellant, established the fact of a domicile and citizenship in Mississippi. He urges that, upon this fact being shown, the burden of proof shifted to the defendant to prove that it has changed. The appellant cites, in support of its contention, Stine v. Moore, 5th Cir. 1954, 213 F.2d 446, where it is said:

> "The burden of proving diversity jurisdiction, when challenged, is upon the plaintiff; but when it is shown, as in this case, that the appellant had a former domicile in Texas, the presumption is that it continues to exist, and the burden shifts to the defendant to prove that it has changed." 213 F.2d 446, 447.

The current judicial semantical attitude would probably require a revision of the quoted statement so as to refer to a shifting of the burden of going forward rather than to a shifting of the burden of proof. In the case before us, as in Stine v. Moore, there was testimony sufficient to permit an inference to be drawn by the court as trier of the facts of a change of domicile and citizenship. It is appropriate and pertinent to our inquiry to refer to this additional statement in the cited case:

> "Many people think that they can have their permanent home and live indefinitely in one state, yet retain their citizenship and right to vote in another; but this is a very questionable idea if put to the test in any particular case." 213 F.2d 446, 448.

The presumption, upon which the appellant relies, of the continuance of the domicile of origin is met by the counter-presumption of domicile in the jurisdiction where the party is a resident at the crucial time, which in this case is the time of the commencement of the action. See Pace v. District of Columbia, 1943, 77 U.S.App.D.C. 332, 135 F.2d 249, affd. District of Columbia v. Pace, 320 U.S. 698, 64 S.Ct. 406, 88 L.Ed. 408; Kastel v. Commissioner of Internal Revenue, 5th Cir. 1943, 136 F.2d 530.

■■■ The burden to show the jurisdictional fact of diversity of citizenship was on the appellant as plaintiff. Anderson v. Stoffle, 5th Cir. 1964, 339 F.2d 214; Birmingham Post Co. v. Brown, 5th Cir. 1955, 217 F.2d 127; Barthel v. Stamm, 5th Cir. 1944, 145 F.2d 487, cert. den. 324 U.S. 878, 65 S.Ct. 1026, 89 L. Ed. 1430. In the light of the testimony of the appellant, which fully warranted the district court's finding, and of the applicable law, a conclusion would have been fully warranted that the appellant was a resident of Louisiana and not of Mississippi at the time the suit was brought. Cf. Hardin v. McAvoy, 5th Cir. 1954, 216 F.2d 399.

■ The second contention which the appellant makes is that the citizenship which determines diversity jurisdiction must be resolved solely by the facts and circumstances existing at the time of the commencement of the suit, and that the district court considered facts and circumstances occurring subsequently. It seems to be without question that a change of citizenship occurring after the commencement of the action would not affect jurisdiction or the absence of it. Ford, Bacon & Davis v. Volentine, 5th Cir. 1933, 64 F.2d 800. The evidence here is that of the appellant; it is not controverted, and it was admitted without objection. We do not, therefore, have any question as to whether the evidence of facts and circumstances occurring subsequent to the commencement of the action was admissible. It may be, although we need not decide, that such evidence would have been properly admitted, even over objection, as bearing upon the intent as of the time the suit was brought. It might have made our task easier if the district court, in its findings of fact and conclusions of law, had made an explicit determination that the citizenship of the appellant was in Louisiana at the time of the commencement of the action. However, it clearly appears that the district court concluded, from the evidence before it, that the appellant was domiciled in, and hence a citizen of, Louisiana at the time of the accident and thereafter until the time of the trial, including, of course, the time of the commencement of the suit. The record fully justifies this determination. Hence the judgment of the district court is

Affirmed.