**VILLAGE OF MONTPELIER**

v.

**RICHE, CHENEVERT AND ANDRESS CONSTRUCTION COMPANY, INC., and American Druggist Insurance Company.**

**Civ. A. No. 84–615–B.**

United States District Court, M.D. Louisiana.

Oct. 16, 1984.

W. Hugh Sibley, Greensburg, La., for plaintiff.

Dan B. McKay, Jr., Bunkie, La., for defendant.

POLOZOLA, District Judge:

This matter is before the Court on the motion of the Village of Montpelier to remand these proceedings to the Twenty First Judicial District Court for the Parish of St. Helena, Louisiana. No oral argument is required on this motion.

The Village of Montpelier filed a suit for breach of contract and liquidated damages in the Twenty First Judicial District Court for the Parish of St. Helena. Named as defendants in the state court suit were Riche, Chenevert and Andress Construction Company, Inc. (RCACC), as principal, and American Druggist Insurance Company (ADIC) as RCACC's surety. ADIC timely petitioned for removal of the case from the state court to the United States District Court for the Middle District of Louisiana based upon the diversity of citizenship of the parties. 28 U.S.C. §§ 1332 and 1441(b). Thereafter, the plaintiff filed this motion to remand. For reasons which follow, the Court finds that plaintiff's motion to remand should be granted.

On June 5, 1981, RCACC, a Louisiana corporation with its principal place of business in Cottonport, Louisiana, filed a petition for a Chapter 7 bankruptcy proceeding. 11 U.S.C. § 700 et seq. A final decree of bankruptcy was issued by the United States Bankruptcy Court for the Western District of Louisiana on December 28, 1983. On May 17, 1984, the plaintiff filed this suit in state court. ADIC premised its petition for removal and its subsequent opposition to plaintiff's motion to remand on the fact that since RCACC has been adjudi-

cated a bankrupt, ADIC is the only viable defendant and, therefore, only its citizenship should be considered for purposes of determining diversity. ADIC is an Ohio corporation with its principal place of business in Cincinnati, Ohio. The plaintiff is a municipal corporation under the laws of the State of Louisiana. Complete diversity, therefore, would exist if RCACC's citizenship is not considered. See, 28 U.S.C. § 1332 and *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

■ The issue before this Court is whether a liquidated corporation's citizenship should be considered for purposes of determining diversity jurisdiction in an action brought against a Chapter 7 liquidated corporation and its surety. Under the Bankruptcy Code,[1] a Chapter 7 proceeding merely liquidates the corporation. If dissolution of such corporation is desired, this dissolution must be effectuated under state law. See Collier on Bankruptcy, Vol. 4, § 727.01(2), p. 727–8 (1984).[2] The legal status of a corporation is governed by state law. *Gould v. Brick*, 358 F.2d 437 (5th Cir.1966); *Vincent v. DeMaria Porsche-Audi, Inc.*, 532 F.Supp. 1035 (S.D.Fla.1982). Under Louisiana law, corporate existence continues until a certificate of dissolution is issued by the Secretary of State. *Marine Forwarding & Shipping Co. v. Barone*, 154 So.2d 528 (La.App. 4th Cir.1963); *State v. Taylor Interests*, 200 So. 157 (La.App. Orl.Cir.1941).[3]

■ It is incumbent upon the party invoking federal diversity jurisdiction to plead and prove the existence of such.

*Mas v. Perry*, 489 F.2d 1396 (5th Cir.1974), rehearing denied 492 F.2d 1242, cert. denied 95 S.Ct. 74, 419 U.S. 842, 42 L.Ed.2d 70 (1974). ADIC alleged only that RCACC "has previously gone in bankruptcy and is defunct and totally out of business, as of early 1980." ADIC has not alleged that RCACC no longer had corporate existence at the time the suit was filed.[4] The fact that RCACC may be "defunct and totally out of business" is not the equivalent of corporate nonexistence.[5] Since ADIC has not alleged that RCACC no longer has corporate existence, its citizenship must be considered by the Court in determining whether diversity jurisdiction is present herein. RCACC is a corporation that has been incorporated under the laws of Louisiana. Therefore, it is a citizen of Louisiana for purposes of diversity jurisdiction. 28 U.S.C. § 1332. Since the plaintiff and one of the defendants are both citizens of the State of Louisiana, complete diversity does not exist. *Strawbridge v. Curtiss, supra.* Thus, plaintiff's motion to remand must be granted.

Therefore:

IT IS ORDERED that the motion of the plaintiff, Village of Montpelier, to remand these proceedings to the Twenty First Judicial District Court of the State of Louisiana, in and for the parish of St. Helena, be and it is hereby GRANTED.

Judgment shall be entered accordingly.

---

1. 11 U.S.C. § 101 et seq.

2. In addition, a corporation is not granted a discharge from debts when it undergoes a Chapter 7 proceeding. See 11 U.S.C. 727, which provides in pertinent part, that "[t]he court shall grant the debtor a discharge, unless ... the debtor is not an individual...."

3. La.R.S./ 12:148(C) provides that "[u]pon issuance of the certificate of dissolution, the corporate existence shall cease as of the effective date stated in the certificate, except for the sole purpose of any action or suit commenced theretofore by, or commenced timely against the corporation."

4. In *Vincent v. DeMaria Porsche-Audi, Inc., supra,* the court held that if a suit were commenced prior to the dissolution of a corporation incorporated under the laws of the state of Florida, after such dissolution, the corporation would remain a citizen of Florida for the purpose of determining diversity jurisdiction.

5. In *State v. Taylor, supra,* a corporation was held liable for franchise taxes for the period prior to the issuance and filing of the certificate of dissolution although the corporation had exercised none of its functions for two years.