**Daniel R. ST. ONGE, Plaintiff,**

**v.**

**McNEILUS TRUCK AND MANUFACTURING, INC., Defendant.**

**No. Civ. 3–85–1856.**

United States District Court, D. Minnesota, Third Division.

Oct. 21, 1986.

Alan Anderson, Minneapolis, Minn., for plaintiff.

John Gould, Minneapolis, Minn., for defendant.

## ORDER

DEVITT, District Judge.

This matter came on for hearing on October 6, 1986 pursuant to plaintiff's motion for partial summary judgment and defendant's motion for dismissal or, in the alternative, for partial summary judgment. Plaintiff was represented by Alan Anderson, Esq., and defendant was represented by John Gould, Esq.

In late October of 1984, plaintiff moved from Minnesota to California and established domicile there. Plaintiff left California on November 8, 1985 and arrived in Minnesota on November 13. He has remained in Minnesota since that time, although he returned to California for a few days at the end of November to arrange for shipment of his personal belongings to Minnesota. On November 15, 1985, plaintiff brought this suit against defendant, a Minnesota citizen. Plaintiff relies on his previous domicile in California as the basis for diversity jurisdiction. Defendant asserts that plaintiff changed his domicile to Minnesota before filing this suit. Because the court finds that plaintiff was a citizen of Minnesota when this suit was commenced, the court lacks jurisdiction over the subject matter of this suit and dismisses the same.

■ The court has considered supplemental memoranda by the parties on whether a hearing need be held to determine the existence of diversity jurisdiction. While domicile is largely a question of fact, the court has discretion to decide domicile on its own without a hearing, even when a jury trial has been requested. *Gilbert v. David*, 235 U.S. 561, 568, 35 S.Ct. 164, 166, 59 L.Ed. 360 (1915).

In his brief, plaintiff argues that there is a presumption favoring the continuation of a prior domicile and that defendant has the burden of proving that his domicile has changed. Both of these arguments are incorrect.

■ There is no presumption favoring plaintiff's claimed domicile in California. The policy behind 28 U.S.C. § 1332 requires that the diversity statute be strictly construed against finding jurisdiction. *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934). Frequently, a plaintiff's claim of diversity jurisdiction depends upon proving that a recently established residence in a diverse state constitutes a genuine domicile. The policy of

strict construction, when applied in such cases, might be expressed as a presumption favoring the original domicile over a claimed new domicile. Here, however, plaintiff has moved from California, a diverse state for purposes of this suit, to Minnesota, a non-diverse state. The policy of strict construction against finding jurisdiction does not support a presumption favoring the original domicile in such a case.

Nor does defendant have the burden of proving that plaintiff's domicile changed from California to Minnesota. The party asserting jurisdiction has the burden of establishing the requisite diverse domicile by a preponderance of the evidence. *Janzen v. Goos,* 302 F.2d 421 (8th Cir.1962). That burden of *persuasion* remains, at all times, upon the party asserting jurisdiction, consistent with the policy of strict construction. Where the party attacking jurisdiction claims that the requisite diverse domicile has been abandoned for a non-diverse one, the burden of *production,* i.e. of going forward with evidence showing a change of domicile, shifts to the party attacking jurisdiction. *Slaughter v. Toye Bros. Yellow Cab Co.,* 359 F.2d 954, 955 (5th Cir.1966). Once the attacker comes forward with evidence that the domicile has changed, the burden of production shifts back to the party asserting jurisdiction. That party has the burden of persuasion throughout to establish by a preponderance of evidence that the claimed diverse domicile has not been changed.

There are two requirements for showing a change of domicile: (1) physical presence, and (2) intention to remain indefinitely or absence of intention to go elsewhere. *Holmes v. Sopuch,* 639 F.2d 431, 433 (8th Cir.1981). No minimum period of residence is required; when these two facts concur, domicile changes instantaneously. *Janzen,* 302 F.2d at 425. Neither party in this case disputes the fact that St. Onge was physically present in Minnesota at the time suit was commenced. The only issue is whether St. Onge had the requisite intent at that time to work a change of domicile from California to Minnesota.

MTM presented a great amount of credible evidence that St. Onge intended to remain in Minnesota when he arrived two days before filing this lawsuit. In light of this showing, St. Onge has failed to meet its burden of establishing that such was not his intent. His affidavit to that effect, while of some weight, is not persuasive because it is not consistent with the bulk of the evidence. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555–56 (5th Cir.1985).

Based upon the foregoing as well as oral argument, submitted memoranda, and all files, records and proceedings herein,

IT IS ORDERED that:

This case is dismissed.