Robert CARTER

v.

David FLOWERS, et al.

Civ. A. No. 87–30–B.

United States District Court,
M.D. Louisiana.

June 11, 1987.

Theodore A. Schirmer, Baton Rouge, La., for plaintiff.

Jeff Hughes, Walker, La., for David Flowers.

Ralph E. Hood, Kizer & Kizer, Baton Rouge, La., for Patrick Coglan.

James E. Boren, Richard C. Guerriero, Jr., Baton Rouge, La., for James Boren.

Harry Shoemaker, Baton Rouge, La., pro se.

Margaret Barker, Pensacola, Fla., pro se.

Thor Barker, Pensacola, Fla., pro se.

POLOZOLA, District Judge.

The issue before the court is whether there is diversity of citizenship between the parties in this case as required by 28 U.S.C. § 1332.[1] It is clear a federal court may, on its own motion, question the court's subject matter jurisdiction. The court finds that complete diversity of citizenship does not exist among the parties as required by *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) and, therefore, this court lacks jurisdiction over the subject matter. Therefore, this case must be dismissed for lack of jurisdiction.

■ This court is a court of limited jurisdiction and statutes granting jurisdiction to this court are to be strictly construed. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983); *White v. All America Cable & Radio, Inc.,* 642 F.Supp. 69, 71 (D.P.R.1986). Since the plaintiff is invoking the jurisdiction of the federal court, he bears the burden of proving the court's jurisdiction by a preponderance of the evidence. *Scoggins v. Pollock,* 727 F.2d 1025, 1026 (11th Cir.1984); *Crowley, supra,* 710 F.2d at 678; *St. Onge v. McNeilus Truck & Manufacturing, Inc.,* 645 F.Supp. 280, 282 (D.Minn.1986); *White, supra,* 642 F.Supp. at 72; *Montpelier v. Riche, Chenevert and Andress Construction Co.,* 43 B.R. 736, 738 (M.D.La.1984). For purposes of diversity jurisdiction, citizenship is equivalent to domicile. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985); *Crowley, supra.; Jones v. Hadican,* 552 F.2d 249, 250 (5th Cir.), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *White, supra.* Therefore, the plaintiff has the burden of proving that domicile is different from that of each of the defendants.

It is uncontroverted that the defendant James Boren is a citizen of Louisiana. Boren's affidavit clearly indicates that he is in fact a domiciliary of Louisiana. Therefore, plaintiff must prove by a preponderance of the evidence that the plaintiff is not a citizen of Louisiana. A review of the record reveals that plaintiff has failed to meet this burden.

■ The plaintiff is presently incarcerated in a prison located outside the state of Louisiana. The parties agree that the place of incarceration is not the domicile of the plaintiff. The plaintiff's pre-incarceration domicile will determine his citizenship for diversity jurisdiction purposes. *Jones, supra.*

■ Plaintiff contends he is a citizen of the State of New York. In support of this contention, the plaintiff has introduced only four documents: (1) a rental car agreement dated June 9, 1980 listing a New York address for the plaintiff; (2) a letter addressed to plaintiff at a New York address from Trans Freight Lines dated June 12, 1980; (3) a lease agreement with a term of ten years beginning May 1, 1980, which purports to lease basement space at 2 Bond Street, in New York City; and, (4) an affidavit from the plaintiff's sub-lessor which states that New York is plaintiff's "principal domicile."

These documents do not prove that plaintiff's domicile is New York rather than Louisiana. Both the rental car agreement and the letter are almost seven years old and do not tend to prove plaintiff's domicile one way or the other. These documents only show that plaintiff rents property in New York and receives mail there. The affidavit is also insufficient because it only states a legal conclusion and does not set forth an adequate basis of knowledge of the affiant.

It must be noted that the plaintiff has failed to submit his own sworn statement or any sworn statement from members of his family. In his brief, the plaintiff argues that he and his family live in New York and that this is their domicile. The evidence filed with the court shows that the plaintiff has been divorced twice. Therefore, it is unclear which family members the plaintiff speaks of in his brief. It is possible that plaintiff's former wife now

1. By minute entry of March 10, 1987, this court questioned the existence of subject matter jurisdiction in this case and instructed the parties to file additional evidence in support of or opposition to the question of jurisdiction.

resides in the New York apartment. It is also possible that other family members of the plaintiff reside there. However, no evidence has been introduced to prove these facts one way or the other.

The plaintiff also argues in his brief that he has had insufficient time to prepare the evidence to support his contention that the court has subject matter jurisdiction. This argument is without merit. A United States Magistrate in the Eastern District of Louisiana recommended that this case be dismissed for lack of jurisdiction on March 20, 1986 and the plaintiff filed an objection to this report on April 2, 1986. Therefore, plaintiff was aware that there was a question as to the existence of jurisdiction over one year ago. Plaintiff has had more than ample time to collect and present evidence to this court. However, plaintiff has failed to do so.

The defendant has introduced convincing evidence that the plaintiff is in fact a citizen of Louisiana. The defendant has introduced sworn statements of the plaintiff given during a recent criminal proceeding in which the plaintiff states that he lived at 930 North Street and at a Main Street address which is also located in Baton Rouge. Plaintiff also testified that the location he had lived the longest in the past five years was Denham Springs, Louisiana.

The plaintiff also stated in a sworn act of sale with mortgage, which was passed before a notary, that he was a domiciliary of Baton Rouge. Plaintiff also had a Louisiana drivers license which bore number 4783414.

Therefore, it is clear from evidence presented by the defendants that the plaintiff at the time of his arrest had an apartment in Baton Rouge in which he had lived for the past eight months. He also had a Louisiana drivers license and owned property in Louisiana. Plaintiff conducted business in Baton Rouge according to paragraph 9 of his complaint. Plaintiff has introduced virtually no evidence to controvert the evidence introduced by the defendants. Plaintiff argues in his brief that he maintains several residences including Louisiana, Alabama and Florida, but his domicile is New York. However, plaintiff has not carried his burden in persuading this court that such is the case.

From the evidence now before the court, plaintiff has failed to carry his burden of establishing the court's jurisdiction. In fact it appears from the evidence that plaintiff is now and was at the time his suit was filed a citizen of Louisiana. Thus, the court finds there is no complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332. There being no diversity of citizenship, the court lacks jurisdiction herein.

Therefore:

IT IS ORDERED that the motion of the defendants to dismiss this case for lack of subject matter jurisdiction be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiffs suit with prejudice.