Ms. Mary Beth Bowman, Director Arkansas Manufactured Home Commission 401 W. Capitol Avenue, Suite 440 Little Rock, Arkansas 72201
Dear Ms. Bowman:
This is in response to your request for an opinion on several questions concerning the Manufactured Housing Recovery Fund. That fund is created at A.C.A. 20-29-101 et seq. (Supp. 1989), and is made of assessments collected by the Arkansas Manufactured Home Commission ("Commission") from installers, dealers, and manufacturers. The fund is maintained to help ensure that persons filing complaints against installers, dealers, and manufacturers receive compensation for the damages they suffer. Your questions refer specifically to A.C.A. 20-29-104 (d)(1), which provides with respect to these assessments as follows:
 Any participant shall receive a refund of its initial assessment after a two-year waiting period after it ceases operation of its business in this state if there are no claims pending against the participant.
You note that a problem exists under this statute when a manufacturer, dealer or installer ceases business by filing bankruptcy, or dissolving a corporation or partnership relationship. Your concern is that the business no longer exists and there is no one to mail the refund to. This being the case, you seek our opinion as to whether the Commission may retain the initial assessment in the Recovery Fund in cases of the following nature:
 1. Bankruptcy of a corporation with total liquidation of the assets and dissolution of the corporation;
 2. When a corporation is dissolved in a manner other than by bankruptcy;
 3. When a partnership relationship is dissolved through bankruptcy or otherwise;
 4. When a sole proprietorship has undergone a Chapter VII liquidation or bankruptcy; and
 5. When no responsible parties can be found for purposes of refunding the initial assessment.
You ask us to assume that none of the installers, dealers, or manufacturers have any claims outstanding against them and that all prerequisites to receiving a refund have been satisfied.
The answers to your questions are by no means clear under the statutes. The "Arkansas Manufactured Home Recovery Act" does not provide any guidance as to the disposition of the initial assessment in the circumstances you describe. The act clearly contemplates that the entities entitled to refunds will no longer operate or engage in business in the state, and yet no specific provision is made in the act as to the disposition of the refunds. The act merely states that a refund shall be made to any "participant" two years after it ceases operation if no claims have been made.
This being the case, we must look to general principles of law to determine whether these funds should be retained by the Commission, or whether some other disposition is to be made. The conclusions reached are based upon existing law which in my opinion has any applicability to the funds you describe. These conclusions represent our best estimate as to how the funds should be disposed of according to law. Legislative clarification in the "Arkansas Manufactured Home Recovery Act", however, may be indicated in order to give clearer answers to your questions.
With respect to your first question, (where there has been a bankruptcy of a corporation and total liquidation and dissolution), there are several matters which require discussion. It should be noted initially that bankruptcy and dissolution are two separate things. Montpelier v. Riche, Chenevert Andress Constr. Co.,43 B.R. 736 (M.D.La. 1984). Bankruptcy is an avenue of relief afforded by the federal courts, (see generally11 U.S.C. § 101 et seq.), and dissolution is a process which must be undertaken according to procedures set out by state law. (A.C.A. 4-27-1401 et seq. (Supp. 1989) and A.C.A. 4-26-1102). The distinction may become important; but let us consider the bankruptcy issue first.
It is possible that under the bankruptcy laws, an assessed party's right to receive a refund of its initial assessment should have been property of the bankruptcy estate. See generally 11 U.S.C. § 541, Segal v. Rochelle, 382 U.S. 375 (1966), and Senate Report No. 95-989 to 11 U.S.C. § 541. If it was property of the bankruptcy estate, you must look to the court for direction as to its disposition. If, as you seem to suggest, the bankruptcy case has already closed, (see11 U.S.C. § 350) and the refund was not included as property of the bankruptcy estate, the refund may be unavailable to bankruptcy creditors under bankruptcy law, unless a party with standing to do so can convince the bankruptcy court to exercise its discretion to reopen the case and distribute the refund. 11 U.S.C. § 350 (b). It should be noted, however, that if the refund is relatively small, the court will likely not order the case reopened. In re Haker, 411 F.2d 568 (5th Cir. 1969).
If no action is taken in the bankruptcy court, it is my opinion that, generally, the refund should be given to the former shareholders of the corporation in proportion to their respective former stock holdings. See generally A.C.A. 4-27-1405(A) (4), and Jamison v. Henderson, 189 Ark. 204 (1934). If no former shareholders can be located, or if even one of the shareholders entitled to a refund cannot be located, it is my opinion that according to A.C.A. 4-27-1440 (Supp. 1989), the refund (or such part thereof that cannot be refunded) should be transferred to the State Treasurer. This Code section provides as follows:
 Assets of a dissolved corporation that should be transferred to a creditor, claimant, or shareholder of the corporation who cannot be found or who is not competent to receive them shall be reduced to cash and deposited with the State Treasurer or other appropriate state official for safekeeping. When the creditor, claimant, or shareholder furnishes satisfactory proof of entitlement to the amount deposited, the State Treasurer or other appropriate state official shall pay him or his representative that amount.
With respect to your second question, (whether the Commission can retain the initial assessment of a corporation which was dissolved other than by bankruptcy), it is my opinion that there is no authority under Arkansas law for this retention. When a corporation is dissolved, it is given a period of time to "wind up" its affairs. This period of "winding up" may include the collection of assets of the corporation. A.C.A. 4-27-1405(A)(1) and A.C.A. 4-26-1103(2). thus, if a corporation is in its "winding up" period, the refund should be given to whomever has been appointed to wind up the affairs of the corporation. If the "winding up" period has ended, and no one is managing the dissolution of the corporation, it is my opinion that the refund should be returned to the former shareholders, as discussed in response to Question 1, and if they cannot be located, then the money should be returned to the State Treasurer in accordance with A.C.A. 4-27-1440.
With respect to your third question, (whether the Commission may retain the initial assessment of a partnership which has dissolved through bankruptcy or otherwise), it is my opinion that, similarly, it may not. The analysis of the bankruptcy aspect of this question is identical to that undertaken in response to Question 1. If the case is closed, it is possible that the case could be reopened to distribute the refund; but that is unlikely if the amount is relatively small. Barring this event, it is my opinion that the refund should go to the partnership if it is in the process of "winding up", (see A.C.A. 4-42-609), and if not, to each partner according to the resolution of any accounting undertaken at the dissolution. See generally A.C.A. 4-42-610 et seq. If no partners can be located to receive the refund, it is my opinion that the refund amount may, after seven years, be deemed abandoned property, (see A.C.A. 18-28-208), and should be transferred to the Auditor of State under the "Uniform Disposition of Unclaimed Property Act," codified at A.C.A. 18-28-201 et seq.
The answer to your fourth question (whether the Commission can keep the initial assessment of a sole proprietor who has undergone a Chapter 7 bankruptcy), is virtually identical to the answer to Question 3 above. If the property was not included as property of the estate, the court could reopen the case, but probably will not if the amount is relatively small. If no action is taken in the bankruptcy court, it is my opinion that the refund should be returned to the sole proprietor as a part of his "fresh start" after the bankruptcy. If the sole proprietor cannot be located, the amount of the refund becomes unclaimed property after seven years and should be transferred to the Auditor of State in accordance with the "Uniform Disposition of Unclaimed Property Act".
The answer to your fifth question is, again, in my opinion, that after seven years the property should be disposed of according to A.C.A. 18-28-201 et seq., the "Uniform disposition of Unclaimed Property Act".
Our review has not yielded any law authorizing the Commission to use or retain these funds. In the absence of such authority, we have sought to apply any Arkansas law which might govern these funds. again, this is an area which probably requires legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
/s/ RON FIELDS Attorney General
[1] Bankruptcy and dissolution usually occur fairly simultaneously, although they are separate events. Different considerations, with respect to your questions occur with each. The considerations attending dissolution are discussed in response to your second question, but have lessened applicability when there is a bankruptcy, because the "winding up" of the affairs of the corporation is effected primarily through the bankruptcy. See response to Question 2, infra.