James H. CROWLEY, Plaintiff-Appellee,

v.

Richard D. GLAZE, d/b/a Tomichi Village Restaurant and Lounge, Defendant-Appellant.

No. 81–1490.

United States Court of Appeals, Tenth Circuit.

June 20, 1983.

Rodney R. Patula of Pryor, Carney & Johnson, a Professional Corp., Englewood, Colo., for defendant-appellant.

Robert E. Kendig of Roath & Brega, P.C., Denver, Colo., for plaintiff-appellee.

Before McWILLIAMS, DOYLE, and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

James H. Crowley brought a personal injury action in the United States District Court for the District of Colorado. He was severely injured when a vehicle in which he was riding as a passenger went off a road between Gunnison and Crested Butte, Colorado. Named as defendants in the proceeding were Robert Somers, the driver of the vehicle, and the owners and operators of two taverns. Crowley alleged that Somers was intoxicated when he drove off the road, and that the owners of the two taverns had caused Somer's state of intoxication. Somers eventually settled the claim against him, and he was dismissed from the proceeding.

The two tavern owners filed separate answers denying liability.

Jurisdiction was based on diversity of citizenship, Crowley alleging that as of the time he filed suit he was a citizen of the State of Minnesota, and that the three defendants were citizens of the State of Colorado. 28 U.S.C. § 1332(a). One of the tavern owners, Richard D. Glaze, filed a motion to dismiss, alleging that Crowley, the plaintiff, was, in fact, a citizen of Colorado at the time he filed the suit, and that accordingly the district court lacked subject matter jurisdiction because all parties, plaintiff as well as the three defendants, were citizens of Colorado. By agreement, Glaze's motion to dismiss for subject matter jurisdiction was presented to the district court on the basis of the pleadings, the depositions of Crowley and his mother, and written briefs. Based on such, the district court found that Crowley was a citizen of Minnesota when he filed the action, and, accordingly, denied Glaze's motion to dismiss. At the same time, the district court authorized an immediate appeal from his order of denial, and this Court later permitted an appeal pursuant to 28 U.S.C. § 1292(b). We now affirm.

From the record we learn that the accident occurred on May 25, 1978, in Colorado, and that Crowley suffered severe head and back injuries as a result thereof. He was taken from the scene of the accident in a comatose condition to a hospital in Grand Junction, Colorado, where he remained until September 1978. Crowley had been reared in Minnesota, and his widowed mother and other members of his family resided in and around Minneapolis, Minnesota. Accordingly, in September 1978, Crowley was flown back to Minneapolis and admitted to the Sister Kinney Institute in that city. He remained in that facility until December, 1978, when he was transferred to the Prospect Nursing Home in Minneapolis. Sometime later, he left the nursing home and moved to his mother's residence in Minneapolis, where he was residing when he filed the present action on September 17, 1979, and where he is still residing, so far as we are advised.

As indicated, Crowley's home state is Minnesota. It is apparently agreed, however, that at the time of the accident, he was a citizen of Colorado, having resided several years in the Gunnison area where he had been employed on a ski patrol. Four months after the accident Crowley returned to Minnesota, where he resided at the time he commenced this action, approximately one year after his return to Minnesota.

■ On appeal, Glaze's position is twofold: (1) Because of brain injury, Crowley was unable to form any intent to change his citizenship from Colorado to Minnesota; and (2) if Crowley had the mental ability to ideate, he did not, at the time he filed this suit, have an intent to remain in Minnesota either permanently, or indefinitely. The district court, based primarily on a reading of the depositions of Crowley and his mother, found that Crowley was mentally able to form an intent, and that his intent at the time he filed the suit was to remain in Minnesota indefinitely. The record, in our view, supports these findings, and it is on this basis that we affirm.

Glaze's initial argument is that there is insufficient evidence to support the district court's finding that Crowley, as of the date he commenced this action, possessed the mental ability to form any intent whatsoever. It is quite true that Crowley suffered severe injuries as a result of the accident, including brain damage. As we understand it, he was in a coma throughout his four-months stay in a Grand Junction hospital, where he was taken immediately after the accident. However, Crowley does recall his flight from Grand Junction to Minneapolis, and his mental faculties continued to improve thereafter. The present action was not commenced until one year after Crowley's return to Minnesota. In our view, the district court's finding that Crowley had the mental ability to form an intent is not clearly erroneous, and is supported by the record. We regard the question of Crowley's mental faculties as of the date he filed the complaint to be a pure question of fact, and, on appeal, we are not inclined to dis-

turb the district court's resolution of the matter.

Glaze urges as a second ground for reversal the district court's further finding that when Crowley filed the present action he had an intent to stay in Minnesota indefinitely. This finding also is supported by the record, and in such circumstance we should not disturb it.

■■■ For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile. To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely. A "floating intention" to return to a former domicile does not prevent the acquisition of a new domicile. Statutes conferring diversity jurisdiction are to be strictly construed. Where a plaintiff's claim of diversity is challenged, plaintiff has the burden of proof. Although a trial court's determination of domicile may be a mixed question of fact and law, such determination on appeal should not be set aside unless clearly erroneous. See *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698 (1st Cir.1979) for a discussion of these general principles, and the citations in support thereof.

In the instant case, it is undisputed that Crowley was residing in Minnesota for one year before he filed the present suit. What is disputed is whether when he brought suit he intended to remain in Minnesota indefinitely. During the intervening year, Crowley made two short visits to Colorado, and, significantly, had in each instance returned to Minnesota. Crowley had indeed expressed a desire, or possibly only a hope, to return to Colorado if, as and when his condition permitted. However, as indicated, a "floating intention" to return to a former domicile does not prevent the acquisition of a new domicile.

In their respective depositions, both Crowley and his mother indicated that when Crowley filed suit he intended to remain in Minnesota indefinitely. Such statements are of course self-serving, but such does not mean that they must be discarded by the trier of the facts, who, on the contrary, may choose to give credence to them. Further, the facts and circumstances of the instant case are such as to permit the inference that Crowley did have the intent to remain indefinitely in Minnesota. Based then on permissible inferences, coupled with the direct testimony of Crowley and his mother, there is ample support in the record for the district court's determination that Crowley was a citizen of Minnesota when he filed suit.

In support of our resolution of this matter, see *Hawes v. Club Ecuestre El Comandante, id.*, and *Leavitt v. Scott*, 338 F.2d 749 (10th Cir.1964).

Judgment affirmed.