**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GUST MARION JANIS, GEORGE
MARION JANIS, JASON GUST
JANIS, BETTY K. JANIS, and
TRISTA VEE JANIS,

          Plaintiffs-Appellants,
    and

MAGIC SOIL AMENDMENTS, a
family business relationship and
JANIS TRUCKING, a family
business relationship,

          Plaintiffs,
v.

ED STORY & ASSOCIATES; ED
STORY, as an individual; CLYDE
COYE, an individual; AUCTION
MCCORMICK AUCTION CO., a.k.a.
McCormick Auction Company; KEN
MCCORMICK, an individual;
HAROLD S. TAXEL, an individual;
GRETA GLAVIS, an individual;
JAMES P. HILL, an individual;
ASSOCIATED COMMERCIAL
CORPORATION, a California
corporation; MARK SEYMOUR;
ROBERT CAMPENALLA, an
individual; JOSEPH KINNEY, an
individual; LONNIE J. OLSEN, an
individual; HAROLD "BUD"
LOCKE, an individual; JEFFERY
WILLIAM DICK, an individual;
EWING BROTHERS TOWING
SERVICE, a family owned and

No. 96-4168
(D.C. No. 94-CV-48)
(D. Utah)

operated business under laws of
Nevada,

    Defendants-Appellees.

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Plaintiffs, all members of the Janis family or Janis family-owned

businesses, appeal the district court's dismissal of their amended complaint

without prejudice.[1] The district court dismissed the complaint for lack of subject

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     The dismissal of a complaint without prejudice is ordinarily a non-final,
nonappealable order. See Mobley v. McCormick, 40 F.3d 337, 339 (10th Cir.
1994). "If it is clear that the plaintiff may not start over again with a properly
drawn complaint, because of limitations problems or otherwise, the action is
treated as final and the order is appealable." Bragg v. Reed, 592 F.2d 1136, 1138
(10th Cir. 1979). Here, because we are unable to determine with any certainty
whether plaintiffs' claims would now be barred by the various applicable statutes
of limitations, we treat the district court's dismissal as an appealable final order.

-2-

matter jurisdiction because there was not complete diversity among the parties, and because plaintiffs failed to state a cognizable claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

Plaintiffs assert that the district court erred (1) by not allowing them to file affidavits and proof of citizenship; (2) concluding their RICO claims were vague, conclusory and without factual support without allowing an opportunity to cure the defects by amendment; and (3) refusing to allow nondiverse plaintiff, Gust Marion Janis, to create diversity by assigning or selling his rights in the lawsuit.

I

In a lengthy complaint, plaintiffs, acting pro se, alleged facts supporting their claims that defendants improperly and fraudulently seized property belonging to the Janis family or the Janis family businesses. The magistrate judge delayed for approximately one year before recommending dismissal without prejudice for lack of diversity, but granted plaintiffs the opportunity to correct the jurisdictional deficiencies by amendment. Plaintiffs filed objections to the recommendation, but no amended complaint. Following consideration of the objections, the district court dismissed the action without prejudice as frivolous under 28 U.S.C. § 1915(d). The district court denied plaintiffs' request to amend, finding amendment to be futile. The defendants were never served.

On appeal, this court concluded that a magistrate judge's delay could result in a statute of limitations obstacle if plaintiffs were forced to refile their action after dismissal. Janis v. Ed Story & Assocs., Nos. 95-4108, 95-4109, 95-4115, 95-4132, 1996 WL 221476, **1 (10th Cir. May 2, 1996) (unpublished order and judgment). Concluding that plaintiffs could cure the diversity problem by deleting nondiverse parties from its complaint, we reversed and remanded the case to give plaintiffs an opportunity to amend. In so doing, however, we cautioned that plaintiffs "should amend their complaint carefully," pointing out that the proposed amended complaint they submitted to this court with their opening brief (but did not file in the district court), was also jurisdictionally deficient on diversity grounds. Id. We stated that "[r]epeated failure to cure deficiencies by amendment is itself grounds for denying leave to amend." Id. (citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993)). We also directed the district court to reconsider plaintiffs' request for service of process.

Plaintiffs filed their amended complaint on August 9, 1996. They state in their brief that they deleted two defendants, "Holland Equipment Company, Inc., a Utah corporation, and Jensen, a defendant who resides in the State of Utah." Appellant's Opening Br. at 5. The district court noted that plaintiffs added Magic Soil Amendments Company and Janis Trucking Company as plaintiffs and what

-4-

appears to be a cause of action under RICO, but did not address if any defendants were omitted.[2] The district court again found that certain parties were not diverse. In considering plaintiffs' RICO claims as an alternate basis for invoking federal jurisdiction, the court concluded that, even construing the complaint liberally for pro se litigants, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the RICO claims were "vague, conclusory, and lack[ed] sufficient factual particularity." I R., Order dated Sept. 10, 1995, at 6. We affirm.

## II

We review de novo a district court's determination of its own subject matter jurisdiction. See Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993). "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted). Jurisdiction in federal courts is limited. A presumption exists against jurisdiction, and the party asserting jurisdiction bears

---

[2]    The record on appeal consists of a copy of plaintiffs' 78-page amended complaint; we do not have a copy of the 235-page original complaint. We therefore defer to the district court's representation of the additions appearing in the amended complaint.

the burden of proof.  See id.  "Statutes conferring diversity jurisdiction are to be strictly construed."  Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).

The district court concluded that although plaintiff Gust Marion Janis, currently incarcerated in California, alleged he is a resident of Utah, the amended complaint reveals that before his incarceration he was a Nevada resident, the stated residence of several of the defendants.  He alleges in an affidavit attached to plaintiffs' brief (which was not submitted to the district court), that in 1992, he and his wife rented a home in Washington.  While waiting to move in, they attempted to vacation in Canada.  The border officers arrested Gust Marion on an outstanding warrant from California and on state drug charges.  Following his release on bond, he and his wife traveled to Las Vegas, Nevada, to assist with the family business.  He contends that, while there, he leased a home in the name of John Farley, for use by family members in Nevada on business.  Gust Marion claims that before he and his wife could leave Nevada for Utah, he was again arrested on the outstanding California warrant.  He was arraigned and then extradited to California where he was convicted and sentenced to three life sentences, two ten-year sentences, and one twenty-year sentence, all without possibility of parole.

Gust Marion contends that in the original complaint he "did not understand" the diversity requirements and incorrectly stated his place of

permanent residence as California. Declaration of Gust Marion Janis at 6. He claims he still did not understand diversity when, in the objections to the magistrate judge's recommendation for dismissal of the original complaint, he stated that he was living and residing in Washington. Id. Now, claiming that he has "studied diversity" and correctly understands the diversity requirements, id., he declares that his mother's home in West Jordan, Utah, is his permanent residence where he intends to live if he is ever released from prison, id. at 5. He therefore asserts that Utah, not Nevada, should be considered his domicile for diversity purposes.

Diversity must be established on the face of the complaint, although where the complaint is lacking, we may also look to the record. See Penteco Corp. Ltd. Partnership, 929 F.2d at 1521. The record consists only of the amended complaint, so we must rely solely on plaintiffs' averments to determine whether diversity exists.

The amended complaint states that once Gust Marion was released on bail following his extradition to California, he and his wife returned "to his home in Las Vegas," I R., Amended Complaint at 44, and that Gust Marion's "home located at 3719 Misty Grove, Las Vegas, Nevada was broken into," and his wife's hand gun was stolen, id. at 45. We have held that a previous admission of residency in a complaint is admissible evidence of residency in a subsequent

action.  See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 519 (10th Cir. 1994) (holding that evidentiary admission by defendant of plaintiff's residency in wrongful death action was admissible against defendant in a later declaratory judgment action); Dugan v. EMS Helicopters, Inc., 915 F.2d 1428, 1431 (10th Cir. 1990) (prior inconsistent pleadings admissible against pleader in subsequent action).  This rationale is equally applicable to inconsistent statements in the same action.

Further, Gust Marion did not travel to Utah upon his release on bond in California, but instead returned to his home in Nevada.  Although "[r]esidence alone is not the equivalent of citizenship," Dyer, 19 F.3d at 520, it is prima facie evidence of domicile.  We do not believe that the references here to Gust Marion's residence rather than his domicile or citizenship are fatal to the district court's determination of no diversity.  See id.

We are urged to conclude that Gust Marion should be considered a resident of Utah simply because he has stated his intent to live in Utah if he is ever released from prison.  In this regard, plaintiffs rely on Singletary v. Continental Illinois National Bank & Trust Co., 9 F.3d 1236 (7th Cir. 1993).  That court stated that the state of citizenship of an incarcerated plaintiff "should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."  Id. at 1238.

We do not adopt this holding, which would empower an incarcerated plaintiff to manufacture diversity jurisdiction.

Absent evidence to the contrary, we have recognized a presumption in favor of an established domicile over a newly acquired one. See Dyer, 19 F.3d at 519. In order to prove a change in domicile, a party must show (1) physical residence in the new location; and (2) intent to stay in the new location for an indefinite period of time. See Crowley, 710 F.2d at 678.

Even though Gust Marion was born and raised in Utah, and certain of his family members continue to reside there, this does not determine his residency. As to his stated intention to live there,

> [m]ere mental fixing of citizenship is not sufficient. What is in another man's mind must be determined by what he does as well as by what he says. . . . Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there.

Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954) (quoted favorably in part in Walden v. Broce Constr. Co., 357 F.2d 242, 245 (10th Cir. 1966)).

By his own admission, Gust Marion was living in Las Vegas, Nevada, at the time of his arrest, and had no physical presence in Utah thereafter. We recognize that his incarceration prevents his physical presence outside the state of his confinement, and hampers any overt acts which could facilitate his intent to change domicile. Moreover, under the circumstances presented here, it is highly

unlikely Gust Marion will ever reside outside prison walls. See Johnston v. Cordell Nat'l Bank, 421 F.2d 1310, 1312 (10th Cir. 1970) (holding that the two elements necessary to the establishment of a new domicile or citizenship are "intent and some act or acts to carry such intention into effect").

We agree with the district court that Gust Marion was a resident of Nevada before his incarceration and when he filed the amended complaint. Considering the state-hopping he admitted to in his various pleadings, his statement of intent to reside in Utah if he is ever released appears to be yet another attempt to create diversity for the purpose of invoking federal jurisdiction. We hold that Gust Marion's residence and domicile remain in Nevada, which defeats diversity jurisdiction.

III

Next, plaintiffs assert that the district court erred in concluding that plaintiffs' RICO claims were too vague, conclusory, and factually insufficient to state a claim upon which relief could be granted. They further argue that the district court should have allowed an amendment to their complaint to cure the defects.

-10-

In their amended complaint, plaintiffs asserted RICO claims based on alleged violations of 18 U.S.C. § 1962(c) and (d).[3] In order to establish a civil RICO violation under 18 U.S.C. § 1962(c), plaintiffs must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (footnote omitted). "Conducting an enterprise that affects interstate commerce is obviously not in itself a violation of § 1962, nor is mere commission of the predicate offenses." Id. "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989); see also Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1555 (10th Cir. 1992) (holding that in order to satisfy the pattern requirement of RICO, plaintiffs must establish

---

[3] A claim under § 1962(d), based on allegations of a conspiracy to violate § 1962(a), (b), or (c), necessarily is predicated on the sufficiency of the substantive claims. Accordingly, here we look to the sufficiency of plaintiffs' § 1962(c) claims. Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"'*continuity plus relationship*'") (quoting Sedima, 473 U.S. at 496 n.14) (further quotation omitted) (alteration in original).

The relationship test can be met by establishing that the predicate acts "'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" H.J. Inc., 492 U.S. at 240 (quoting 18 U.S.C. § 3575(e)(3)). In order to show continuity, "the plaintiff must demonstrate either 'a closed period of repeated conduct' or 'past conduct that by its nature projects into the future with a threat of repetition.'" Boone, 972 F.2d at 1555 (quoting Phelps v. Wichita-Eagle Beacon, 886 F.2d 1262, 1273 (10th Cir. 1989) (further quotation omitted)).

In their amended complaint, plaintiffs assert that "[b]eginning on or about June 1, 1990, and thereafter to or about April 4, 1992," the defendants engaged in "a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(A) or (B) and (5)." Appellants' Br. at 42. Plaintiffs state that "[i]n approximately 1991 and continuously thereafter, the precise starting date being unknown," defendants engaged in activities against plaintiffs in violation of RICO. I R., Amended Complaint at 51. They assert that defendants

> combined, confederated, conspired and agreed to trespass, break and enter into business dwellings, storage yards, repair facilities, terminals, and personal dwellings and homes to steal personal and business property for the purpose of obtaining money from the

-12-

plaintiffs and other companies by means of extortion as that term is defined in 18 USC § 1951(b)(2). The extortionate conduct, obstructed, delayed or affected commerce or the movement of articles and commodities in commerce as defined in 18 USC § 1951(b)(3). The acts included conduct reasonably calculated to induce fear or economic loss by wrongfully depriving and withholding, from plaintiffs all the property listed in the attached Exhibit A-1, A-2, and A-3, as if fully restated herein, and monies due and owning (sic) plaintiffs from clients and customers purchasing articles, commodities in commerce, as well as leasing and renting trucks and equipments to transport articles and commodities in commerce, that were rightfully owned by plaintiffs, and rightfully due and owing plaintiffs.

Id. at 52.

In presenting their RICO claims, plaintiffs fail in most instances to allege specific details, such as time, location, or the capacity or identity of certain individuals involved with specific instances of alleged illegal conduct. Their claims appear to be nothing more than a reiteration of their state law claims as RICO violations. A determination that plaintiffs have stated adequate RICO claims would require incalculable searching through their lengthy complaint in an effort to match the factual assertions with the elements of the RICO statute. While recognizing our need to give plaintiffs latitude in pleading, we do not act as their advocate. See Hall, 935 F.2d at 1110.

Plaintiffs' amended complaint fails to state with sufficient particularity a redressable claim under RICO. Plaintiffs' brief does not suggest that further

-13-

amendment would serve to correct the deficiencies. We therefore affirm the dismissal of plaintiffs' RICO claims.

IV

Finally, plaintiffs allege that the district court erred in dismissing the amended complaint without affording them another opportunity to amend after Gust Marion assigned and sold his interest in the cause of action. In the alternative, plaintiffs appear to argue that the district court should have afforded them an opportunity to drop Gust Marion from the suit.

The district court is the proper forum to seek leave to file a curative amendment. When, as here, plaintiffs failed to request leave to amend, we do not require the district court to read the minds of litigants to determine if an ability or willingness to amend exists. See Nulf v. International Paper Co., 656 F.2d 553, 563 (10th Cir. 1981) (if court were to accept claim that litigant intended to move district court for permission to amend, any litigant would be able to claim intentions after-the-fact which were incorrectly presented below).

Plaintiffs' seventy-eight-page amended complaint refers to nine different claims for relief. The factual allegations are overwhelmed by involved subjective descriptions which are difficult to follow. Many of plaintiffs' allegations are irrelevant, immaterial, or conclusory. Despite this court's cautionary advice upon remand and plaintiffs' opportunity to amend, see Janis, 1996 WL 221476, at **1,

our review of the amended complaint reveals neither the requisite proof of diversity nor a cognizable federal question claim.  We deny plaintiffs' request for remand for further amendment.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge