Sam A. WALLACE, D.O., Ralph Holsworth, Jr., D.O., and Scott Russell, D.O., Plaintiffs,

v.

HEALTHONE, a Colorado nonprofit corporation, Defendant.

No. Civ.A. 99–K–800.

United States District Court,
D. Colorado.

Jan. 25, 2000.

Sherman Marek, Burke S. Gilbertson, Seawell, Gilbertson & Buckmelter, LLC, Denver, CO, Terry Wallace, Boulder, CO, for plaintiffs.

Richard L. Gabriel, J. Daniel Phelan, Holme Roberts & Owen LLP, Denver, CO, for defendant.

ORDER DISMISSING ACTION

KANE, Senior District Judge.

This state-law breach of contract/fraudulent inducement action is before me on the Motion of Defendant HealthOne to Dismiss for Lack of Diversity Jurisdiction. For purposes of HealthOne's Motion, it is undisputed that Arapahoe County-based HealthOne is a citizen of Colorado and that Dr. Wallace is a citizen of Montana. HealthOne denies Plaintiffs Holsworth and

Russell are citizens of Texas and California as claimed, but rather citizens of Colorado such that diversity jurisdiction does not exist. After a hearing on HealthOne's Motion to Stay Proceedings and the parties' resulting Stipulation Re: Discovery and Briefing on Matters Relating to Subject Matter Jurisdiction (dated September 24, 1999), HealthOne undertook limited discovery on the jurisdictional issues raised and all other action was stayed. I now dismiss the case.

The facts giving rise to this case are relevant to the jurisdictional issue are summarized as follows. Plaintiffs Wallace, Holsworth and Russell are licensed osteopathic physicians who were employed by HealthOne either as family practice residents or as interns when HealthOne lost its accreditation in 1998. Plaintiffs claim the loss was the result of HealthOne's wrongful failure to correct program deficiencies of which it had notice, constituting a breach of their employment contracts with HealthOne. Because Plaintiffs were forced by the loss of accreditation to find different residency programs at which to complete their training, they claim they have suffered hardship, injury to their reputations, and loss of past and future income.

The following facts are undisputed. At the time the Complaint was filed in 1999, Dr. Holsworth had resided in Colorado since 1995. He attended his final two years of medical school at the University's Health Sciences Center and remained in Colorado thereafter as an employee in HealthOne's residency program. Dr. Holsworth has a Colorado driver's licence, his car is registered in Colorado, his only bank accounts are in Colorado, and he is a member of the Colorado Osteopathic Foundation and Colorado Medical Society. He has not lived in Texas since 1993. He is not licensed in Texas, pays no taxes in Texas, has no bank accounts in Texas, and is not a member of any Texas medical

society. After he completes his residency program, Dr. Holsworth will owe four years of service to the National Health Service Corps and has "no control" and "no idea" where he will be assigned for that repayment. Holsworth Dep. at 20; Holsworth Affid. at 2. While Dr. Holsworth denies in his affidavit any intent to remain in Colorado indefinitely, he does not express a specific intent to return to Texas.

Dr. Russell attended medical school in California, but spent his last year and a half in Colorado rotating through HealthOne's externship programs. Dr. Russell applied for the HealthOne residency program immediately thereafter, stating in his application materials that "[t]raining in the Denver area will also establish necessary professional ties that I hope will aid my endeavor to ultimately establish a rural family practice in Colorado." Personal Statement of Russell, (attached to Application for Internship at Denver's Presbyterian St. Luke's Medical Center, Russell Dep. Ex. 1) (Ex. B to Def.'s Reply). When the Complaint was filed, Dr. Russell had been living in Colorado since 1996, was licensed in Colorado, owned a home in Colorado which he still owns, had a Colorado driver's license, and had filed Colorado tax returns in 1997 and 1998. He has not filed tax returns in California. When he completes his residency, Dr. Russell states he will look for jobs "[p]rimarily [in] western states," which he defines to include both California and Colorado.[1] While Dr. Russell states in his affidavit that he moved to Colorado "solely for educational purposes," see Russell Affid., ¶ 2, this statement, prepared in response to the jurisdictional challenge of Defendant, is in direct conflict with his representation upon returning to Colorado after graduation that he intended to establish a rural practice here after completing his residency. That Dr. Russell "ha[s] no [present] leads on employment opportunities in Colorado," see id. at ¶ 3, has little bearing on the question of

1. Specifically, Dr. Russell is "not certain where [he'll] have a job ultimately," and can only say that he has looked at jobs in "Alaska, Arizona, California, Wyoming, Colorado, Idaho, Washington, Oregon, stuff like that. I don't know yet." Russell Dep. p. 18:7 – 19:5.

whether he had formed the requisite state of mind to acquire domicile here before filing his lawsuit in 1999. Dr. Russell does not, and states he cannot, express a specific intent since 1997 of returning to California.

### Legal Standard.

As part of its authority to oversee the jurisdiction of federal courts, Congress has provided a federal forum for disputes between citizens of different states. 28 U.S.C. § 1332(a)(1). The history and purpose of diversity jurisdiction is to provide a neutral forum for out-of-state parties who fear that they will be subjected to local prejudice if forced to litigate as strangers in a state court. *See generally,* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Practice & Procedure: Jurisdiction 2d,* § 3601 (1984). As federal courts are courts of limited jurisdiction,[2] jurisdiction is presumed not to exist absent proof by the party asserting it that it does. *Penteco Corporation Limited v. Union Gas System, Inc.,* 929 F.2d 1519, 1522, n. 2 (10th Cir.1991). Moreover, diversity of citizenship must be "complete" as between the plaintiffs on the one hand and defendants on the other, *see* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *supra,* § 3605; *Oppenheim v. Sterling,* 368 F.2d 516, 518 (10th Cir.1966), and, when challenged, this complete diversity must be proven by a preponderance of the evidence. *Mid–Continent Pipe Line Co. v. Whiteley,* 116 F.2d 871, 873 (10th Cir.1940), *applied in Bair v. Peck,* 738 F.Supp. 1354, 1356–58 (D.Kan.1990) (Kansas native who had moved to Colorado to attend college proved Colorado citizenship for purposes of diversity jurisdiction in medical malpractice action filed against Kansas physician in Kansas district court).

Under this standard, Plaintiffs' Complaint must be dismissed. In their original Complaint, Drs. Holsworth and Russell were alleged to be citizens of Missouri and Michigan, respectively. Compl. ¶¶ 3–4. After HealthOne challenged diversity jurisdiction, new counsel appeared for Plaintiffs and revisited the issue, concluding in revised jurisdictional allegations in a proposed Amended Complaint that, as "out-of-state students," Drs. Holsworth and Russell were actually citizens of Texas and California, the states in which they grew up and obtained their undergraduate degrees. *See* Proposed Amended Compl. ¶¶ 2–4 (received 8/9/99). Other than rather halfhearted assertions of home state citizenship in their depositions,[3] the only evidence offered by Plaintiffs to support their revised citizenship claims is their status as "out-of-state students" and affidavits, prepared by counsel, in which they deny any intent, when they came to Colorado, to establish a new domicile there. Even assuming the analogy to "college students" is apt (which, in my view, it is not)[4] plaintiffs' status as students is not at all dispositive of the jurisdictional question presented.

---

**2.** For discussion and illustrative cases, *see id.,* vol. 13, § 3522 & n. 5.

**3.** When Dr. Holsworth was asked about his original claim of Missouri citizenship (Missouri is where Dr. Holsworth attended his first two years of medical school), he candidly admitted that he "didn't understand why [his attorney] put that there," that he "never was able to get a response [on that issue]," and "just thought it was a legal issue." Holsworth Dep. at 18:3–10. With respect to his Texas citizenship, Dr. Holsworth stated he "believed [he was] a citizen of Texas only after it had been explained to [him] that it was a legal term ..." *Id.* at p. 19:5–7.

**4.** The categorization of Drs. Holsworth and Russell to "college students" only temporarily away from states in which they remain domiciled is dubious at best. Both men have been out of college for more than ten years (Dr. Holsworth graduated from college in 1985, nearly fifteen years ago, and served several years in the Navy before he went to college; Dr. Russell graduated from college in 1988). Both men, moreover, are as much employees as they are "students" and it is their status as employees, specifically as parties to a Colorado employment contract, that forms the basis for their lawsuit in this court. Where, as here, a plaintiff enters into an employment contract, in Colorado, under Colorado law, and files suit to enforce contractual rights and obligations under that contract, his coincidental status as a "visiting student" is certainly only secondary to the question of where, as

■ Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. *Penteco,* 929 F.2d at 1521; *see Gard v. Teletronics Pacing Systems, Inc.,* 859 F.Supp. 1349, 1354 (D.Colo. 1994) (Kane, J.). In the case of natural persons, state citizenship for purposes of 28 U.S.C. § 1332 is the equivalent of domicile. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983). While out-of-state students generally have been viewed as temporary residents presumed to lack the intention to remain indefinitely required for the acquisition of a new domicile, that presumption is rebuttable, *see generally* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *supra,* vol. 13B, § 3619, and, when challenged, must be proved. *See Bair v. Peck,* 738 F.Supp. at 1356.

■ Plaintiffs' affidavits fall far short of proving either a lack of intention to remain in Colorado indefinitely or continued domicile in either Texas or California. When viewed against the indicia of domicile marshaled by Defendant in discovery and Plaintiffs' admissions and testimony in their depositions, it is clear that Drs. Holsworth and Russell acquired domicile in Colorado well before filing their Complaint and, as citizens of the same state as the Defendant named in their lawsuit, cannot maintain a diversity action against the Defendant in this court.

■ Domicile is established by physical presence in a location coupled with intent to remain. there indefinitely. When a plaintiff has recently changed residence before filing a diversity action against a citizen of the same state, courts in this circuit have made clear that the intent to remain in the new state need not be an intent to remain permanently. *Crowley,* 710 F.2d at 678, *applied in Bair* at 1356. "It is enough to have a 'floating intention' to stay indefinitely and also have the general desire to return to the former domicile at some undetermined point of time." *Bair* at 1356 (quoting *Crowley* at 678). Based on the evidence presented in this case, it cannot reasonably be disputed that Drs. Holsworth and Russell, at most, have but a "floating intent" to return to their home states of Texas and California. This intent, viewed against all the objective indicia of the plaintiffs' ages, employment status, length of residence, state income tax returns, location of bank accounts, property ownership, vehicle registrations and licenses, and memberships in professional associations, clearly establishes that Plaintiffs, at the time they filed the instant lawsuit, were availing themselves of the rights and privileges of Colorado citizenship and had acquired domicile in the state of Colorado.

Because Plaintiffs have failed to prove complete diversity of citizenship as between themselves, on the one hand, and HealthOne on the other, I am without subject matter jurisdiction over their claims under 28 U.S.C. § 1332(a). Defendant's Motion to Dismiss is GRANTED.

---

between the state in which he lives and works and the home state to which he has not returned, he is domiciled.