**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MABROUK CHAARA,

Plaintiff-Appellant,

v.

INTEL CORPORATION; DAVID
BAGLEE; BRIAN RASHAP; and
TAMMY WASH,

Defendants-Appellees.

No. 06-2191
(D.C. No. CIV-05-278 JB/RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Mabrouk Chaara appeals the district court's judgment

dismissing his complaint, its order determining that diversity jurisdiction exists as

to this matter, and its order granting summary judgment to defendants as to his

claims of national origin discrimination and retaliation in violation of the New

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mexico Human Rights Act ("NMHRA"), breach of employment contract, breach of the covenant of good faith and fair dealing, and defamation. Because we agree with the district court's analysis and its rulings on all of Mr. Chaara's points of error, we **AFFIRM**.

## I.

Mr. Chaara is a United States citizen who was born in Tunisia and is of Arab descent. He worked for defendant Intel in Rio Rancho, New Mexico, as a grade-seven senior process engineer. In September 2001, Mr. Chaara filed a charge of discrimination and retaliation against Intel and defendant-appellee David Baglee with the Equal Employment Opportunity Commission ("EEOC"). The charge alleged, among other things, that they falsely changed his performance review and attempted to unjustifiably place him under a corrective action plan. According to Mr. Chaara, he decided not to file a federal court complaint because Intel gave him an 8.5% raise, doubled his stock options, and told him he "was a valuable employee." Aplt. App. at 325.

In April of 2003, Mr. Chaara filed a discrimination charge with the New Mexico Human Rights Commission ("NMHRC") alleging that defendants had discriminated against him because of his national origin, religion, and gender and had retaliated against him for filing his first discrimination charge. The heart of Mr. Chaara's discrimination claim was and is that defendants failed to award him a "group leader" position that he applied for and then failed to promote him to a

grade-eight senior process engineer after giving him what he considered to be an impermissibly low ranking on his 2002 performance review. The NMHRC issued an order of non-determination on Mr. Chaara's religious and gender claims but found probable cause as to his national origin and retaliation claims. On February 17, 2004, he moved to Colorado to take a job as a group leader in an Intel plant there.

On April 16, 2004, Mr. Chaara filed a complaint in New Mexico state court alleging gender discrimination in violation of the NMHRA, breach of employment contract, breach of the covenant of good faith and fair dealing, and defamation ("*Chaara I*"). On June 2, 2004, defendants removed *Chaara I* to federal district court claiming that Mr. Chaara was a Colorado citizen, Intel was a Delaware corporation with its principal place of business in California, and the remaining defendants were New Mexico citizens. The district court remanded the case in August 2004, determining that diversity of citizenship was lacking because, although he was living in Colorado, Mr. Chaara was still domiciled in New Mexico at the time he filed his complaint.

Subsequently, the NMHRC also denied Mr. Chaara's national origin discrimination and retaliation claims and, on February 10, 2005, he filed a second complaint in New Mexico state court alleging national origin discrimination and retaliation in violation of the NMHRA, breach of employment contract, breach of the covenant of good faith and fair dealing, and defamation ("*Chaara II*"). On

March 10, 2005, the New Mexico state court consolidated *Chaara I* and *Chaara II* at the request of the parties. Intel promptly removed the consolidated cases to federal district court.

## A. Order Granting Remand in Part and Denying Remand in Part

Following an evidentiary hearing on Mr. Chaara's motion to have the consolidated cases remanded to state court, the district court granted the motion to remand with regard to *Chaara I* but denied the motion to remand with regard to *Chaara II*. The district court ruled as to *Chaara I* that it was bound by its previous decision to remand by 28 U.S.C. § 1447(d) (providing that, with one exception not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").

As to *Chaara II*, Mr. Chaara argued that remand was required because (1) he was still domiciled in New Mexico at the time that he filed the complaint, and (2) the district court's ruling in *Chaara I* governed *Chaara II* as well because when the cases were consolidated they took *Chaara I*'s case number. In turn, defendants argued that both of the cases were removable because they had been consolidated and because Mr. Chaara was domiciled in Colorado at the time the second complaint was filed.

The district court ruled that "[c]onsolidation is not like a marriage, producing one indissoluble union from two distinct cases. Instead, consolidation is an artificial link forged by a court for the administrative convenience of the

-4-

parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases." Aplt. App. at 342(2).[1] It therefore held that 28 U.S.C. § 1447(d) did not bar it "from deciding whether Chaara II . . . possesse[d] subject-matter jurisdiction." *Id*.

The district court went on to hold that there was complete diversity of citizenship when *Chaara II* was filed because Mr. Chaara was domiciled in Colorado at the time. The court found that he moved to Colorado almost a year before his suit was filed and had evinced an intent to remain in Colorado indefinitely because, among other things, his Colorado job was a regular, full-time position for an indefinite period and he had moved his entire family to Colorado with the exception of a college-age daughter who was living in the house he still owned in New Mexico. The district court recognized that Mr. Chaara possessed a New Mexico driver's license and bank account, his car was still registered in New Mexico, he still owned a house in New Mexico, and he testified that he had "definite plans" to move back to New Mexico. Aplt. App. at 378(1). But the district court held that it was not required to accept, without more, Mr. Chaara's mere assertion that he intended to move back to New Mexico and that the evidence showed that Mr. Chaara held nothing more than a "floating intention" to do so, i.e., that he "allegedly desire[d] to return, but ha[d] no idea

---

[1] Mr. Chaara's appendix has numbered two different sets of pages with numbers 340 to 390. Page cites to these sections will therefore reference either the first set–(1)–or the second set–(2).

when or how he w[ould] do so." *Id*. at 347(2).  The district court therefore determined that it could properly exercise jurisdiction over *Chaara II*.

B.  Order Granting Summary Judgment to Defendants as to Chaara II

Defendants thereafter filed a motion for summary judgment as to Mr. Chaara's claims (1) that he was discriminated against because of his national origin in violation of the NMHRA, (2) that the adverse employment actions at issue were taken in retaliation for his 2001 EEOC complaint, (3) that those actions breached his employment contract with Intel and also the covenant of good faith and fair dealing implied in that contract, and (4) that a critical passage in his 2002 performance review amounted to defamation.

**1.  National Origin Discrimination**.

The NMHRA prohibits discrimination on the basis of national origin.  *See* N.M. Stat. Ann. § 28-1-7(A).  The district court recognized that "[u]nder the McDonnell Douglas analysis, which the Supreme Court of New Mexico looks to as helpful, the plaintiff bears the initial burden of demonstrating a prima facie case of discrimination, which then shifts the burden to the employer to provide a legitimate, non-discriminatory reason for the adverse employment action."  Aplt. App. at 366(2).

As to Mr. Chara's claim that he was not awarded the group leader position because of his national origin, the district court assumed that he had presented a prima facie case of discrimination.  Defendants presented evidence that another

-6-

candidate was awarded the group leader position because she had more managerial experience and better interpersonal skills than Mr. Chaara and because a panel of six Intel employees all recommended that she be awarded the job. The district court ruled that summary judgment was proper as to this part of the claim because Mr. Chaara had not presented sufficient evidence that a reasonable fact-finder could find that defendants' proffered non-discriminatory reason for not making him a group leader was pretextual.

The second part of Mr. Chaara's national origin discrimination claim was an allegation that defendants discriminated against him by ranking another employee in the "first cloud" and him in the "second cloud" and not promoting him from grade seven to grade eight. Employees at Intel were evidently divided into "clouds" of similarly-performing employees based on their evaluations. Mr. Chaara averred that this ranking affected the employees' entitlement to certain privileges such as bonuses and additional stock options. Defendants presented evidence that the sole employee who was ranked in the "first cloud" was placed there because he "had made a wide impact throughout Intel, was often sought out for assistance, and mentored other employees." *Id*. at 368(2) (internal quotation marks omitted). They also presented evidence that a ranking and rating group of six group leaders unanimously recommended that the other employee be the sole employee in the top cloud. The rating group also made Mr. Chaara the top-ranked employee in the second cloud and therefore the second-ranked

employee in his section. But it was the consensus of the rating group that Mr. Chaara was not performing at a grade-eight performance level and should not be promoted. The district court also granted summary judgment as to this portion of the discrimination claim, holding that Mr. Chaara had not presented sufficient evidence that a reasonable fact-finder could find that defendants' proffered non-discriminatory reason for failing to place him in the first cloud and promote him was pretextual.

## 2. Retaliation

The district court also granted defendants summary judgment on Mr. Chaara's claim that he was not awarded the group leader position and was placed in the second cloud and not promoted to grade eight in retaliation for filing his 2001 EEOC complaint. The district court held that no reasonable fact-finder could determine that Mr. Chaara had established a prima facie case of retaliation because the only evidence presented to support his claim was the fact that these events occurred a year to a year and a half after he filed his EEOC complaint.[2]

## 3. Breach of Employment Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Defamation

---

[2] The district court also determined, as an alternative reason for finding that Mr. Chaara's placement in the second cloud could not be retaliation, that no reasonable fact-finder could have found from the record that placement in the second cloud adversely affected his employment.

Finally the district court granted defendants summary judgment as to his remaining claims. As to Mr. Chaara's claim of breach of contract, the district court held that Mr. Chaara's contract with Intel was an at-will employment contract and that the terms of Intel's "Open Door policy" were not sufficiently explicit to create in Mr. Chaara a reasonable expectation of an implied contract. It also ruled that Intel's anti-discrimination policies were too indefinite to form a contract, and that Mr. Chaara's general claim that Intel's actions violated "certain policies, procedure[s] and practices for evaluating employees," must also fail because he failed to provide any information as to what policies, procedures and practices he was referring. *Id*. at 375(2) (internal quotation marks omitted).

The district court also found that New Mexico does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing in at-will employment contracts and that the statement in Mr. Chaara's performance review that he needed to work on his communication skills could not be considered defamatory because it was clearly nothing more than an opinion, or, in the district court's words, "an entirely subjective judgment about [Mr.] Chaara's communication skills," *id*. at 377(2).

The district court therefore granted defendants summary judgment and dismissed Mr. Chaara's complaint. Mr. Chaara appeals, raising five points of error.

## II.

Mr. Chaara's first argument on appeal is that the district court should have treated *Chaara I* and *Chaara II* as one case following the state court consolidation and remanded the entire matter to state court. Mr. Chaara's second argument is that, even if it was proper to treat the cases separately, the district court should have found that he was domiciled in New Mexico for the purposes of *Chaara II*. Mr. Chaara's third argument is that the district court erred in granting summary judgment as to his national origin discrimination claim because he presented sufficient evidence that a reasonable fact-finder could have determined that defendants' proffered non-discriminatory reasons for not awarding him the group-leader position, and for failing to rank him in the top cloud and promote him to grade eight, were pretextual. Mr. Chaara's fourth argument is that the district court erred in granting summary judgment as to his retaliation claim because he presented a prima facie case of retaliation and a reasonable fact-finder could have determined that defendants' proffered non-discriminatory reasons for its actions were pretextual. Mr. Chaara's fifth and final argument is that genuine issues of material fact existed regarding his claims of breach of employment contract, breach of implied covenant of good faith and fair dealing, and defamation.

As to the district court's exercise of jurisdiction, "[t]his Court reviews a district court's ruling on the propriety of removal *de novo*." *Lovell v. State Farm*

*Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). But the district court's

determination that Mr. Chaara was domiciled in Colorado for purposes of *Chaara*

*II* is a mixed question of fact and law and that determination should not be set

aside unless clearly erroneous. *Crowley v. Glaze*, 710 F.2d 676, 678

(10th Cir. 1983). "Because the jurisdiction of federal courts is limited, there is a

presumption against our jurisdiction, and the party invoking federal jurisdiction

bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919

(10th Cir. 2005) (internal quotation marks omitted). As to the district court's

grant of summary judgment following its exercise of jurisdiction, the standard of

review is well-established:

> We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.
>
> Although the movant must show the absence of a genuine issue of material fact, he or she need not negate the nonmovant's claim. Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant.

*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted). Finally, our review of the district court's interpretation of state law is *de novo*. *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007).

## III.

We have carefully examined the parties' briefs, Mr. Chaara's appendix, and the defendants' supplemental appendix under the standards articulated above. Following this review, we conclude that the district court applied the proper standards, conducted an appropriate analysis, and reached the correct result in both its order determining that it could exercise jurisdiction as to *Chaara II* and its order granting summary judgment to defendants as to the claims raised in *Chaara II*. Accordingly, we **AFFIRM** both orders for substantially the reasons given by the district court and summarized above and, therefore, **AFFIRM** the district court's final judgment dismissing Mr. Chaara's complaint with prejudice.

Entered for the Court

Jerome A. Holmes
Circuit Judge