**Ruben Quiñones FLORES, et al., Plaintiffs,**

v.

**WYNDHAM GRAND RESORT, et al., Defendants.**

Civil No. 11–1802 (DRD).

United States District Court, D. Puerto Rico.

July 9, 2012.

Alberto O. Jimenez–Santiago, San Juan, PR, for Plaintiffs.

David Fernandez–Esteves, Law Offices Benjamin Acosta, Jr., Old San Juan, PR, for Defendants.

## OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

### I. BACKGROUND

Rubén Quiñones–Flores, Norma Morales, and Michael Morales ("Plaintiffs") filed a complaint (Docket No. 34) on February 10, 2012 under article 1802 of the Puerto Rico Civil Code of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, alleging negligent maintenance of a coffee maker that caused it to spill boiling water resulting in severe burns to co-Plaintiff Quiñones–Flores and mental trauma to co-Plaintiffs Norma and Michael Morales. The complaint was filed against Wyndham Grand Resort; Rio Mar Beach Resort and SPA; Wyndham Hotel Group; Wyndham Hotel and Resort; Wyndham Carib. Development Company, LLC; Wyndham Carib. Development Company I, LLC; Wyndham Carib. Development Company II, LLC; Wyndham Carib. Development Company III, LLC; Wyndham Carib. Development Company IV, LLC; Wyndham Carib. Management Company, LLC; Wyndham Pine Enterprises, Inc.; Wyndham Management Corporation; Wyndham Vacation Resorts Puerto Rico, LLC; Rio Mar Associates, L.P., S.E. (doing business as "Rio Mar Beach Resort", hereinafter, "Resort"); and WHM Carib. LLC ("Defendants").

Defendants filed a motion to dismiss (Docket No. 40) alleging lack of subject matter jurisdiction. Defendants specifically aver lack of diversity of citizenship between Plaintiffs and Codefendant Rio Mar Associates, L.P., S.E. ("RMA Limited Partnership") because one of the limited partners of RMA Limited Partnership is

domiciled in New York, as well as Plaintiffs. Based on the following analysis, the court hereby **GRANTS** Defendant's Motion to Dismiss.

## II. PROCEDURAL HISTORY

On August 15, 2011, Plaintiffs filed a complaint (Docket No. 1), twice amended on December 8, 2011 (Docket No. 9) and February 20, 2012 (Docket No. 34) for the purpose of adding previously unidentified defendants. Co–Plaintiff Quiñones–Flores claims that, as a result of Defendant's actions in maintaining an in-room coffee maker in their hotel, he suffered severe burns to his pelvis and stomach region which caused great physical pain and mental anguish. Co–Plaintiffs Morales claim that as a result of witnessing the accident they have suffered great mental trauma.

On February 15, 2012, Defendants filed a motion to dismiss (Docket No. 40) alleging lack of subject matter jurisdiction. Specifically, Defendants alleged that the state of residence of one of the partners of co-Defendant Rio Mar Associates, L.P., S.E. defeated the citizenship requirement for diversity jurisdiction pursuant to 28 U.S.C.A. § 1332(a). In support of this proposition, Defendants proffered the partnership agreement evidencing the designation of Tishman Caribbean Holdings, Inc., a New York corporation, as the Organizational Limited Partner. (Docket No. 40, Attachment, Page 9). Because Plaintiffs are also residents of the state of New York, Defendants argue that there is no complete diversity of citizenship.

On March 30, 2012 Plaintiffs filed a response to the motion to dismiss (Docket No. 44). In their response, Plaintiffs acknowledged that the documents provided by Defendants supported their motion to dismiss because Plaintiffs are also residents of New York. Plaintiffs, however, did not agree to a voluntary dismissal because on August 15, 2011, Plaintiffs filed a voluntary dismissal of an action filed in state court with the same facts asserted in the case at bar and involving the same parties.

## III. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.CIV.P. 8(a)(2). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." Thus, a plaintiff must now present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570, 127 S.Ct. 1955; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly* and *Iqbal, supra*. "Context based" means that plaintiff must allege facts that comply with the basic elements of the cause of action. *See Iqbal*, 556 U.S. at 671–672, 129 S.Ct. 1937 (explaining the basic elements of a *Bivens* claim and thereafter concluding that facts were not sufficiently provided, leaving only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir.2009) (quoting *Iqbal, supra*) (internal quotation omitted).

■ Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Id.* This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.* Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir. 2009).

■ A complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). Similarly, unadorned factual assertions are inadequate as well. *Penalbert–Rosa v. Fortuno–Burset,* 631 F.3d 592 (1st Cir.2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596. But merely portraying the elements of the cause of action without factual skeleton is also insufficient. "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio Hernández v. Fortuño–Burset,* 640 F.3d 1, 12 (1st Cir.2011) (citing *Iqbal,* 556 U.S. at 680, 129 S.Ct. 1937).

## IV. STANDARD OF LAW FOR FEDERAL JURISDICTION

■ Federal courts are courts of limited jurisdiction. *See Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983). As a result, they only have jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. When a claim does not arise out of a federal question, federal courts may hear cases only where there is complete diversity of citizenship between the parties involved.

■ Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs involved and all defendants involved. *See Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806); *Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P.,* 362 F.3d 136, 139 (1st Cir. 2004). Citizenship is determined at the date of commencement of an action and jurisdiction "depend[ing] upon the state of things at the time of the action brought." *Mollan v. Torrance,* 22 U.S. 537, 539, 9 Wheat. 537, 6 L.Ed. 154 (1824). The current general-diversity statute permits federal district courts jurisdiction over suits for more than $75,000 "between … citizens of different States," 28 U.S.C. sec. 1332(a). But the statute only applies to cases where the citizenship of each plaintiff is completely diverse from the citizenship of each defendant.

■ For diversity purposes, the citizenship of an artificial entity organized as a corporation shall be that of its state of incorporation and that of the state where the corporation has its principal place of business. 28 U.S.C.A. 1332(c). For artificial entities other than corporations, citizenship "depends on the citizenship of 'all the members, the several persons composing such association, each of its members.'" *Carden v. Arkoma Associates,* 494 U.S. 185, 195–196, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (internal quotations omitted).

■ In the case of limited partnerships, their citizenship rests on the home state of the partnership's partners, including both

the general and limited partners. In *Carden,* the Supreme Court held that "the citizenship of limited partners must be taken into account to determine diversity of citizenship among the parties." *Id.* at 186, 110 S.Ct. 1015. Additionally, the Third Circuit, in *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254 (3d Cir.1977), held that an identity of citizenship between a number of limited partners of the plaintiff partnership and the defendants precluded an exercise of diversity jurisdiction. Although Third Circuit rulings are not necessarily binding in this case, they are persuasive as Delaware is under the Third Circuit and is the state of formation of RMA Limited Partnership.

■■■■ Although identity of citizenship between a partner in a limited partnership and an opposing party defeats diversity, it does not necessarily follow that the case should be dismissed against the non-diverse party for lack of diversity. Such determination depends on whether the non-diverse party is dispensable or indispensable. The Supreme Court has established that "Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. Therefore, the Court has authority to dispose of a dispensable non-diverse party in the interest of justice. On the other hand, a determination that a party is indispensable means that there is no viable lawsuit without the missing party. Thus, "[w]here jurisdiction depends solely on diversity of citizenship, the absence of a non-diverse, indispensable party is not a mere procedural defect. Rather, it destroys the dis-

trict court's original subject matter jurisdiction." *Picciotto v. Continental Cas. Co.,* 512 F.3d 9, 20 (1st Cir.2008) (citing *Calcote v. Texas Pac. Coal & Oil Co.,* 157 F.2d 216, 219, 221 (5th Cir.1946)).

■■■ The analysis turns on whether or not a party is dispensable or indispensable to the instant suit. The Supreme Court in *Newman–Green, Inc., supra,* determined the appropriate standard. It determined that "the [district court] should carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in litigation. It may be that the presence of the nondiverse party produced a tactical advantage for one party or another." *Id.* at 838, 109 S.Ct. 2218. If the court finds that the presence of a party provides a tactical advantage to a particular side, it may dismiss the party; however, if not, it may choose to keep the party in the suit.

## V. ANALYSIS

■■■ Defendants allege lack of subject matter jurisdiction due to a lack of diversity between the parties. The requisites for diversity jurisdiction are set forth in 28 U.S.C.A. § 1332(a). The statute requires that all parties be from different states and that the amount in controversy exceed $75,000. This statute is to be narrowly interpreted. *See Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir.1983) ("Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."). Plaintiffs seek a total amount of $1,375,000 (Docket No. 36, page 8), an amount greater than the statutory requirement. Thus, the Court need only entertain Defendant's allegation of lack of diversity of citizenship between Plaintiffs and RMA Limited Partnership.

Defendants aver that some of the limited partners of RMA Limited Partnership are domiciled in New York, Plaintiff's home state. As previously stated, federal courts have must look at the citizenship of a partnership's limited and general partners for purposes of diversity. *See Carden v. Arkoma Associates, supra.* Defendant correctly invokes the ruling in *Carden* in order to buttress his argument. The court in *Carden* held that a federal court must look to the citizenship of a partnership's limited, as well as its general, partners to determine whether there is complete diversity. *Id. Carden* is regularly cited in cases regarding citizenship of artificial entities and its likeness to the case at bar makes its holding controlling.

▉ Prior federal cases have unsuccessfully attempted to distinguish the holding in *Carden* by claiming that it should not apply to partners with little control over profits and decisions of the partnership. The court in *Cerberus Partners, L.P. v. Gadsby & Hannah,* 976 F.Supp. 119, 122 (D.R.I.1997) rejected this premise. *Cerberus Partners* notes that *Carden* makes "no references as to whether some limited or general partners should be considered while others should not based on their control of profits and losses." *Id.* at 122. The Court agrees with the holding in *Cerberus Partners.* Therefore, whether a partner in a limited partnership has little or no control at all over the partnership's dealings makes no difference as to the partner's state of residence for purposes of diversity jurisdiction. Thus, there is no complete diversity of citizenship between Plaintiffs and RMA Limited Partnership.

The Court's decision on dismissing this case rests on whether RMA Limited Partnership is a dispensable or an indispensable party. According to Section 2.3 of the partnership agreement of RMA Limited Partnership (Docket No. 40–1, page 9), the purpose of the limited partnership is to "acquire, develop, construct, *own, use, operate, and manage the [Resort],*" (emphasis added). As owners, users, operators and managers of the Resort, it is reasonable to infer that RMA Limited Partnership has significant participation over what transpires in the Resort's facilities and over the hiring and firing of the persons responsible for the day-to-day operations of the Resort, including the maintenance and upkeep of the Resort's rooms and accommodation features, and/or the purchase and/or maintenance of the equipment and utensils located within each room—one such equipment being the coffeemaker subject of the instant complaint. Applying the criteria of Rule 19 of the Federal Rules, the Court has little difficulty concluding that RMA Limited Partnership is an indispensable party and that the instant complaint should be dismissed in its entirety for lack of complete diversity of citizenship between Plaintiffs and a nondiverse indispensable party.

## VI. CONCLUSION

Based on the aforementioned reasons, Defendants' motion to dismiss (Docket No. 40) is hereby **GRANTED** and the instant complaint is dismissed without prejudice. Judgment will be entered accordingly.

**IT IS SO ORDERED.**